10 N.Y.3d 457 (2008)
889 N.E.2d 459
859 N.Y.S.2d 582
THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v.
DANIEL SPARBER, Appellant.
THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v.
ROBERT THOMAS, Appellant.
THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v.
JOHN LINGLE, Appellant.
THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v.
MANUEL RODRIGUEZ, Appellant.
THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v.
ANTHONY WARE, Appellant.
Court of Appeals of the State of New York.
Argued March 12, 2008.
Decided April 29, 2008.
*460 Center for Appellate Litigation, New York City (David J. Klem and Robert S. Dean of counsel), for appellant in the first above entitled action.
Robert M. Morgenthau, District Attorney, New York City (David M. Cohn and Mark Dwyer of counsel), for respondent in the first above-entitled action.
Center for Appellate Litigation, New York City (Robert S. Dean of counsel), for appellant in the second above-entitled action.
*461 Robert M. Morgenthau, District Attorney, New York City (Vincent Rivellese and Mark Dwyer of counsel), for respondent in the second above-entitled action.
Center for Appellate Litigation, New York City (Barbara Zolot and Robert S. Dean of counsel), for appellant in the third above-entitled action.
*462 Robert M. Morgenthau, District Attorney, New York City (Vincent Rivellese and Mark Dwyer of counsel), for respondent in the third above-entitled action.
Center for Appellate Litigation, New York City (Claudia S. Trupp and Robert S. Dean of counsel), for appellant in the fourth above-entitled action.
*463 Robert M. Morgenthau, District Attorney, New York City (Susan Axelrod and Mark Dwyer of counsel), for respondent in the fourth above-entitled action.
Appellate Advocates, New York City (William G. Kastin and Lynn W.L. Fahey of counsel), for appellant in the fifth above-entitled action.
Charles J. Hynes, District Attorney, Brooklyn (Leonard Joblove of counsel), for respondent in the fifth above-entitled action.
*464 Kaye Scholer LLP, New York City (David Klingsberg and Max Schwartz of counsel), and Legal Aid Society, Criminal Practice Division (Steven Banks, Seymour James and Andrew Fine of counsel), for Legal Aid Society, amicus curiae in the five above-entitled actions.
Chief Judge KAYE and Judges GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

OPINION OF THE COURT
CIPARICK, J.
In these five appeals, we are asked to consider whether defendants are entitled to be relieved of their statutory obligation *465 to serve a term of postrelease supervision (PRS) because sentencing courts failed to pronounce their PRS terms in accordance with Criminal Procedure Law §§ 380.20 and 380.40. We conclude that the procedure through which PRS was imposed upon these defendants was flawed as it did not comply with the statutory mandate. To remedy this error, rather than striking PRS from the sentences as urged by defendants, these matters must be remitted to Supreme Court for resentencing and the proper judicial pronouncement of the relevant PRS terms.

I.
The present appeals are separated into two broad groups: (A) those where PRS sentences were imposed pursuant to plea bargains (defendants Sparber and Thomas) and (B) those where such sentences were imposed following jury trials (defendants Lingle, Rodriguez, and Ware). We begin with the plea cases.

A. The Plea Cases

(1) People v Sparber

On January 17, 2002, defendant Sparber pleaded guilty to first degree assault in exchange for a negotiated prison term of 15 years. That same day, Supreme Court also adjudicated him a second violent felony offender, based upon a 1995 conviction for weapons possession. On April 11, defendant appeared for sentencing. As a consequence of his plea and status as a second violent felon, Penal Law § 70.00 (6) and § 70.45 (1) and (2) required defendant to serve a mandatory five-year PRS term. But at sentencing, Supreme Court did not mention the PRS term and instead pronounced a sentence of "a determinate term of . . . 15 years." The part clerk's entries on a court worksheet, which the judge initialed, also failed to indicate any PRS sentence.[1] The clerk-prepared commitment sheetwhich reflects a defendant's commitment to the custody of the Department of Correctional Services (DOCS), the crime committed, Penal Law section violated and the sentence imposednoted, however, in its "remarks" section, that defendant was required to serve a five-year PRS term.
*466 On appeal, defendant Sparber argued that the PRS term should be stricken from his sentence and deemed a nullity because "it was not part of the sentence that the court pronounced orally, in his presence in open court" (34 AD3d 265, 265 [1st Dept 2006]). Defendant's arguments were predicated upon CPL 440.40 (1), which permits the People to move to correct an illegal sentence within one year of its imposition, and the United States Court of Appeals for the Second Circuit's decision in Earley v Murray (451 F3d 71 [2d Cir 2006]), which held that DOCS's administrative addition of a PRS term not pronounced by Supreme Court violated federal "due process guarantees" (id. at 76 n 1) and should therefore be excised from the petitioner's sentence on a motion for a writ of habeas corpus.[2] Defendant acknowledged that, under our decisions in People v Catu (4 NY3d 242 [2005]) and its progeny, the failure to inform him of the PRS term would permit vacatur of his plea. But he expressly disavowed that remedy (see 34 AD3d at 265).[3]
The Appellate Division rejected defendant's arguments and affirmed his conviction and sentence. It held that because the directive of Penal Law § 70.45 (1) is mandatory, the oral sentence, which was silent as to PRS, carried with it a five-year PRS term by operation of law. Relying on the United States Supreme Court's decision in Hill v United States ex rel. Wampler (298 US 460 [1936]), the Appellate Division also concluded that defendant's constitutional argument failed because the clerk's entry of the PRS term on the commitment sheet satisfied any due process requirement that a sentence be "entered upon the records of the court" (34 AD3d at 266). In so holding, the court deemed the imposition of a mandatory PRS term a "ministerial function" (id.). A Judge of this Court granted leave to appeal and we now modify and remit to Supreme Court for a resentencing hearing at which the PRS term will be orally pronounced.

*467 (2) People v Thomas

In defendant Thomas's case, the sentencing court also failed to mention PRS when sentencing him as a second violent felon to an aggregate 15-year prison term for various felony counts related to his commission of attempted aggravated assault on a police officer and sex crimes involving a minor. As in Sparber, the commitment sheet noted a five-year PRS term. In addition, PRS was noted on the worksheet signed by the judge. Unlike Sparber, however, Thomas was aware that his conviction would carry a mandatory five-year PRS term. That is because Supreme Court informed him of that consequence during his plea allocution, stating that "the determinate sentence you have requires . . . post-release supervision for five years." During this plea colloquy, defendant also waived his right to appeal his conviction. But that waiver expressly reserved his right to "challenge . . . the legality of the sentence promised by the judge."
The Appellate Division affirmed the conviction and sentence (35 AD3d 192, 192-193 [1st Dept 2006]). With respect to defendant's statutory and constitutional challenges to the imposition of PRS, the court rejected his arguments for the reasons stated in its earlier decision in People v Sparber (id. at 193, citing 34 AD3d 265 [1st Dept 2006]). A Judge of this Court granted leave to appeal and we now modify and remit to Supreme Court for appropriate resentencing.

B. The Jury Trial Cases

(1) People v Lingle

On April 21, 2004, a jury convicted defendant Lingle of second degree arson and first degree reckless endangerment. He was sentenced as a second felony offender to a 14-year determinate sentence on the arson count and a concurrent indeterminate sentence of 3½ to 7 years on the reckless endangerment count. In pronouncing these sentences, the court failed to mention a mandatory five-year PRS term. Instead, the PRS term was reflected in the court worksheet, which the judge signed. That term was also noted in the commitment sheet prepared by the court clerk and signed by the judge.
Defendant's appellate arguments seeking the elimination of the PRS term from his sentence were rejected for the same reasons stated in Sparber and ThomasPRS was included in the pronounced sentence by operation of law and the notation of the PRS term on the worksheet and commitment sheet *468 comported with Hill's rule that "every portion of a sentence be `entered upon the records of the court'" (see 34 AD3d 287, 289 [1st Dept 2006], quoting Hill, 298 US at 464, and citing Earley, 451 F3d at 75-76). A Judge of this Court granted leave to appeal and we now modify and remit to Supreme Court for appropriate resentencing.

(2) People v Rodriguez

Following trial, defendant Rodriguez was convicted of first degree gang assault. At his September 19, 2002 sentencing, Supreme Court imposed the maximum term of 25 years. Because defendant was a first-time violent felony offender, the court was also required to impose a PRS term that, in its discretion, could range from 2½ to 5 years (see Penal Law § 70.45 [2] [f]), but failed to do so. Rather, the only indication in the court's records as to PRS appeared in the worksheet, which the judge initialed, and on the commitment sheet, which the part clerk prepared. Both reflect the imposition of the maximum, five-year, PRS term.
Defendant's conviction and sentence were affirmed on appeal (33 AD3d 543, 543 [2006]). A Judge of this Court granted leave to appeal and we now modify and remit to Supreme Court for appropriate resentencing.

(3) People v Ware

Defendant Ware was convicted of first degree attempted robbery, first degree attempted assault and second degree criminal possession of a weapon. For those convictions, he was sentenced to a concurrent determinate term of 14 years' imprisonment on each count. Because defendant was a second violent felony offender, the PRS term was a mandatory five years. It was not mentioned at sentencing, but it appears on the commitment sheet and on a "file jacket," which is similar to a court worksheet. Both of these documents were signed by the court clerk and not otherwise endorsed by the sentencing judge.
The Appellate Division affirmed the conviction and sentence (36 AD3d 838, 838 [2d Dept 2007]). A Judge of this Court granted leave to appeal and we now modify and remit to Supreme Court for appropriate resentencing.

II.
In each of these cases, defendants committed a violent felony. The Legislature has mandated that a sentence imposed upon a violent felon (other than a persistent violent felon) "shall *469 include, as a part thereof, a period of post-release supervision" (see Penal Law § 70.00 [6]; § 70.45 [1]). The purpose is to ensure that such offenders are appropriately monitored upon their reintroduction into society (see Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 70.45, at 396 [2004 ed]). In keeping with this legislative purpose, we have repeatedly affirmed that a PRS term is a "direct consequence" of pleading guilty to a violent felony offense and that a trial court must therefore advise a defendant of that "mandatory" result during the plea colloquy (see People v Catu, 4 NY3d 242, 244 [2005]; People v Van Deusen, 7 NY3d 744, 746 [2006]; People v Louree, 8 NY3d 541, 545 [2007]; People v Hill, 9 NY3d 189, 191 [2007]). When a court fails to so advise a defendant, the proper remedy is vacatur of the plea (see e.g. Catu, 4 NY3d at 244), relief that, although available to one of these defendantsdefendant Sparberhas been expressly disavowed by him.
Defendants contend that the sentencing courts' failure to orally pronounce their PRS terms at sentencing entitles them to expungement of any PRS obligation from their sentences. But as the People contend, that proposed remedy would require us to sanction a sentence not contemplated by the statute. Furthermore, the People argue that striking the PRS terms would leave defendants with a windfall that greatly exceeds any harm that they have purportedly suffered. We agree with the People. The sentencing courts did err here, but that error can be remedied through resentencing. Nothing more is required.
The combined command of Penal Law § 70.00 (6) and § 70.45 (1) is clear. Each of these defendants' sentences must include some period of PRS. Sections 70.00 (6) and 70.45 (1) are, however, silent with respect to how that mandatory PRS term is to be imposed. But that procedure is equally clear. CPL 380.20 and 380.40 (1) collectively require that courts "must pronounce sentence in every case where a conviction is entered" and thatsubject to limited exceptions not relevant here"[t]he defendant must be personally present at the time sentence is pronounced." These commands are unyielding (cf. Matter of Hogan v Bohan, 305 NY 110, 112 [1953] ["The plan is unmistakable; the court is afforded time to reach decision and pronounce judgment . . . But pronounce judgment, impose sentence, it must" (citations omitted)]). Importantly, no statutory exemptions exist for PRS sentences, which, of course, constitute an additional punishment component (see Catu, 4 NY3d at 245 [detailing restrictions accompanying PRS term]). Thus, the procedure *470 by which these sentences were imposed was flawed because the PRS component was not "pronounced" as required by CPL 380.20 and 380.40.
The People argue that a part clerk's preparation and execution of a commitment sheet, bearing a judge's name, constitutes a proper sentencing pronouncement.[4] Our precedents, however, have emphasized that sentencing is a uniquely judicial responsibility (see People v Selikoff, 35 NY2d 227, 240-241 [1974] ["(s)entence is primarily a judicial responsibility"]; People v Fuller, 57 NY2d 152, 158-159 [1982] ["the court . . . alone must impose the sentence"]; People v Farrar, 52 NY2d 302, 306 [1981] ["the sentencing function rests primarily with the Judge, whose ultimate obligation is to impose an appropriate sentence"]). This practice promotes transparency and provides the defendant with a prompt and definitive statement regarding the consequences of his or her guilty plea or conviction. As a result, it greatly facilitates a defendant's knowledge of his or her obligation to society, a defendant's decision as to whether to pursue an appeal and the public's understanding of the sentencing process.
These concerns are particularly acute where, as in the case of defendant Rodriguez, the PRS term may vary and must be set at the court's discretion (see e.g. Penal Law § 70.45 [2] [b]-[f]). And, even in cases with mandatory PRS terms, the defendant still has a statutory right to hear the court's pronouncement as to what the entire sentence encompasses, directly from the court. CPL 380.20 and 380.40 reflect the view that sentencing is a critical stage of criminal proceedings (see People v Harris, 79 NY2d 909, 910 [1992]; People v Stroman, 36 NY2d 939, 940 [1975]) that is of "monumental significance because it determines the price society will exact for the particular transgressions involved" (People v Perry, 36 NY2d 114, 119 [1975]). Because that is so, a clerk's notations on a worksheet or a commitment sheet, which are presumably recorded outside of the defendant's presence, do not satisfy the statutory mandate (see Matter of Hogan, 305 NY at 112-113 [court lacked authority to defer sentencing in contravention of statutory sentencing scheme because "once the legislature has spoken, neither court nor judge may modify or change its pronouncement"]).
*471 Moreover, judicial endorsement of the clerk's actions, through any method other than pronouncement in the defendant's presence, could not cure the sentencing courts' PRS errors. CPL 380.20 and 380.40 impose a distinct obligation upon "the court" (see Fuller, 57 NY2d at 157-158). That duty is nondelegable; it applies to sentences that are determinate and indeterminate, mandatory and discretionary.[5] As it was not properly discharged here, we thus turn to consider the proper remedy.

III.
It is indisputable that the relief that defendants requestexpungement of their PRS termswould permit them to serve a sentence not in compliance with the statute. But defendants say that this result is required because the People failed to seek proper resentencing within one year from the date of their convictions and did not properly preserve their objection to defendant's expungement remedy before the trial court (see CPL 440.40 [1]).[6] Defendants are incorrect. The sole remedy for a procedural error such as this is to vacate the sentence and remit for a resentencing hearing so that the trial judge can make the required pronouncement (see People v Sturgis, 69 NY2d 816, 818 [1987] ["(A) sentence (that) violates the mandate of CPL 380.20 . . . must be vacated and the case remitted to the trial court for resentencing"]; see also People v Stroman, 36 NY2d 939, 940 [1975] [violation of CPL 380.40 requires reversal and remitter for resentencing]).[7]
*472 In all five of these cases, there exists no procedural bar to allowing the sentencing court to correct its PRS error.[8] It is obvious that at the time of each defendant's sentencing, Supreme Court intended to impose a sentence in compliance with the provisions of Penal Law § 70.00 (6) and § 70.45 (1)one that consisted of a determinate sentence and a period of PRS. No record evidence rebuts that presumption. Thus, the failure to pronounce the required sentence amounts only to a procedural error, akin to a misstatement or clerical error, which the sentencing court could easily remedy (see People v DeValle, 94 NY2d 870, 871 [2000]; People v Wright, 56 NY2d 613, 614 [1982]; People v Minaya, 54 NY2d 360, 364-365 [1981]).
As to defendants Lingle and Rodriguez, we have considered their arguments regarding the alleged failure of Supreme Court *473 to charge the lesser included offenses of third degree arson and third degree assault, respectively, and we conclude that both are meritless.

IV.
Accordingly, in each case, the order of the Appellate Division should be modified by remitting to Supreme Court for a resentencing hearing that will include the proper pronouncement of the relevant PRS term and, as so modified, affirmed.
In People v Sparber, People v Thomas, People v Lingle and People v Rodriguez: Order modified by remitting to Supreme Court, New York County, for resentencing and, as so modified, affirmed.
In People v Ware: Order modified by remitting to Supreme Court, Kings County, for resentencing and, as so modified, affirmed.
NOTES
[1] Court worksheets provide a convenient way to record the progress of proceedings. They include lined spaces to record a defendant's plea, counsel of record, sentence and notice of appellate rights, as well as other pertinent matters. But worksheets are not statutorily required. Nor are they uniform throughout the state. In addition, it is undisputed that defendants are ordinarily not present during the preparation of the worksheet. Such sheets do, however, constitute part of the court records that a defendant is entitled to receive prior to perfecting an appeal.
[2] In reaching this conclusion, the Second Circuit noted expressly that its ruling was "not intended to preclude the state from moving in the New York courts to modify Earley's sentence to include the mandatory PRS term" (Earley, 451 F3d at 77; see also Matter of Garner v New York State Dept. of Correctional Servs., 10 NY3d 358, 363 n 4 [2008].)
[3] This remedy, however, would not be available to defendant Thomas. As we subsequently discuss, defendant Thomas was advised, during his plea colloquy, that his conviction carried with it a mandatory PRS term. Thus, he was not entitled to vacatur under the Catu line of cases because his decision to plead guilty was made with full knowledge of the consequential PRS term (see People v Hill, 9 NY3d 189, 192 [2007]).
[4] This is the position of the New York County District Attorney; it is not advanced by the Kings County District Attorney.
[5] Because defendants are entitled to relief under the CPL, we need not reach their constitutional claims, which rely primarily upon the Second Circuit's decision in Earley (see People v Felix, 58 NY2d 156, 161 [1983] ["It is hornbook law that a court will not pass upon a constitutional question if the case can be disposed of in any other way"]).
[6] Defendants could, of course, move "[a]t any time" for resentencing (CPL 440.20 [1]). Their failure to exercise that right does not entitle them to the remedy requested here. Further, a court's authority to correct its own errors at resentencing is not subject to the one-year time limit imposed on the People by CPL 440.40 (1) (see People v Wright, 56 NY2d 613, 615 [1982] ["(I)t is clear that CPL 440.40 is intended only as a limitation on the People with reference to an `invalid (sentence) as a matter of law' not imposed by mistake"]).
[7] Defendants assert that CPL 450.90 precludes us from remitting for resentencing because the People, having prevailed below, are not entitled to that affirmative relief from this Court. Defendants are mistaken. Rather than affirmative relief to the People, this Court is merely giving a more limited form of relief to defendants than they seek.
[8] Defendants' assertion that CPL 470.35 (1) bars this Court from considering whether resentencing is the appropriate remedy here is incorrect. That provision states that, when considering an Appellate Division order that affirms Supreme Court's sentence, we may determine "any question of law involving alleged error or defect in the criminal court proceedings resulting in the original . . . sentence . . . regardless of whether such question was raised, considered or determined upon the appeal to the intermediate appellate court" (see also People v Romero, 91 NY2d 750, 754 [1998]). Here, we determine that the sentencing proceedings, lacking pronouncement of the PRS terms, were procedurally flawed because they did not comply with the CPL's sentencing scheme. The original sentences at issue here clearly "result[ed]" from those flawed proceedings. And we therefore modify and remit for resentencing (see at 464-465, supra). The CPL does not preclude this result (see CPL 470.40 [1] [on appeal from affirmed judgment, Court of Appeals may modify and direct corrective action that could have been imposed by Appellate Division had it "modified the criminal court . . . sentence . . . upon the same . . . grounds"]; CPL 470.20 [Appellate Division may modify judgment and "take or direct such corrective action as is necessary and appropriate both to rectify any injustice to the appellant resulting from the error or defect which is the subject of the . . . modification and to protect the rights of the respondent"]).

People v LaFontaine (92 NY2d 470 [1998]) is not to the contrary. In that case, the suppression court upheld a federal arrest warrant executed in New York while invalidating a concomitantly executed New Jersey warrant. CPL 470.35 (1) precluded us from reaching the People's arguments concerning the New Jersey warrant because the suppression court's decision as to that warrant had no effect on the proceedings belowit neither "led to suppression or to the ultimate judgment of conviction" (see LaFontaine, 92 NY2d at 474). We noted that that posture represented an "exceptional procedural twist . . . [that] block[ed] th[e] sensible management of th[e] case" (id. at 475). No such impediment is present here. The PRS procedural error is the only alleged harm in this case and it is one which this Court may remedy through remitter for resentencing (see CPL 470.40 [1]; 36A Carmody-Wait 2d § 172:4491 ["(T)he Court of Appeals can review those questions of law . . . involving any error or defect in the criminal court proceedings that resulted in the criminal court judgment" (emphasis added)]).