OPINION OF THE COURT
Richard B. Meyer, J.
Application by defendant to dismiss the resentencing proceeding pursuant to Correction Law § 601-d on the grounds of lack of jurisdiction.
The defendant was convicted upon guilty plea in this court on July 17, 2001 of the crimes of attempted sodomy in the first degree (Penal Law §§ 110.00,130.50 [3]), a class C violent felony, sexual abuse in the first degree (Penal Law § 130.65 [3]), a class D violent felony, and three class A misdemeanors consisting of two counts of endangering the welfare of a child (Penal Law § 260.10 [1]) and one count of sexual abuse in the second degree (Penal Law § 130.60 [2]). He was sentenced on October 9, 2001 to a seven-year determinate sentence of imprisonment on each felony conviction with the sentences to run concurrently. However, the sentencing court did not impose any period of postrelease supervision (Penal Law § 70.45) as part of the sentence for either felony conviction.
The defendant has served his determinate sentence, and was released by the Department of Correctional Services (DOCS) under an administratively imposed period of postrelease supervision. DOCS notified this court that the defendant is a “designated person” under Correction Law § 601-d (1), and the court scheduled the matter for a hearing on November 25, 2007. The defendant appeared with counsel and filed with the court a legal memorandum asserting that the court lacks jurisdiction to resentence the defendant and seeks an order of the court vacating any period of postrelease supervision imposed by DOCS, relying on Matter of Garner v New York State Dept, of Correctional Servs. (10 NY3d 358 [2008]), People v Sparber (10 NY3d 457 [2008]), and Earley v Murray (451 F3d 71 [2006]).
It is now beyond question that postrelease supervision “represents a significant punishment component that ... is not automatically included in the pronouncement of a determinate sentence, and thus the defendant has a statutory right to have that punishment imposed by the sentencing judge” (Garner v New York State Dept, of Correctional Servs. at 362-363). As *622 such, postrelease supervision may not be administratively imposed by DOCS and “a defendant has a statutory right to have that punishment imposed by the sentencing judge” (id. at 363; see also People v Sparber, supra). Clearly then, the current period of postrelease supervision to which the defendant has been subjected by DOCS is legally invalid. However, this does not exempt the defendant from “[t]he combined command of Penal Law § 70.00 (6) and § 70.45 (1)” (People v Sparber at 469) that a sentence to a determinate term of imprisonment also “must include some period of [postrelease supervision]” (id.).
In response to Garner and Sparber, the Legislature adopted Correction Law § 601-d, effective June 30, 2008 (L 2008, ch 141). The legislative history of this statute reveals a clear legislative intent to provide “a framework for a prompt, fair and careful response to recent decisions in which the Court of Appeals struck down longstanding practices for determining the supervision terms of violent felons” (Senate Introducer’s Mem in Support of NY Senate Bill S8714, Bill Jacket, L 2008, ch 141; see also Governor’s Approval Mem No. 10, Bill Jacket, L 2008, ch 141), and explicitly refers to the Garner and Sparber cases.
Under this new legislative framework, a defendant previously sentenced to a determinate term of imprisonment without any period of postrelease supervision having been imposed by the sentencing court now has three options. First, the defendant can proceed to have the court resentence him/her under Correction Law § 601-d to the originally imposed determinate term of imprisonment and also to an appropriate period of postrelease supervision within the limits set by Penal Law § 70.45. The second option is for a defendant to move pursuant to CPL 440.10 to vacate his or her respective plea of guilt (see People v Catu, 4 NY3d 242 [2005]). Significantly, the legislative history of Correction Law § 601-d establishes that Penal Law § 70.85 was simultaneously enacted to allow “the District Attorney to consent to re-sentencing to the previously imposed determinate term without any term of [postrelease supervision],” thereby eliminating any “need for the pleas to be vacated” (Senate Introducer’s Mem, supra). The third option is to move to set aside the sentence “upon the ground that it was unauthorized, illegally imposed or otherwise invalid as a matter of law” (CPL 440.20 [1]).
Since the defendant has not moved to vacate his guilty plea or set aside his sentence, his challenge to the jurisdiction of this court to proceed with resentencing under Correction Law *623 § 601-d must be denied. It is precisely to address the circumstances now faced by the defendant that section 601-d was enacted.
The defendant’s reliance upon Earley v Murray (supra) does not require a contrary result. Earley merely invalidated the administrative imposition by DOCS of a period of postrelease supervision not pronounced by the sentencing court at the time a defendant was sentenced. It did not foreclose a court from resentencing a defendant where the original sentence was illegally imposed. “Our ruling is not intended to preclude the State from moving in the New York Courts to modify Earley’s sentence to include the mandatory PRS term” (Earley v Murray at 77). Because CPL 440.40, authorizing the state to vacate an illegally imposed sentence and have a defendant resentenced, requires such a motion to be made “not more than one year after the entry of a judgment” (CPL 440.40 [1]), the enactment of Correction Law § 601-d establishes an additional, alternate procedure by which the requirements of Penal Law § 70.00 (6) and § 70.45 may be carried out.
For the foregoing reasons, this court has jurisdiction to resentence the defendant to an appropriate term of postrelease supervision within the limits established by Penal Law § 70.45 or, should the District Attorney consent, to the previously imposed determinate term of imprisonment with no period of postrelease supervision (Penal Law § 70.85).