■ The People of the State of New York, Respondent, v Rafael Toscano, Appellant. [876 NYS2d 398]—

Judgment, Supreme Court, New York County (Laura Ward, J.), rendered April 27, 2006, convicting defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the fifth degree, and sentencing him, as a second felony drug offender, to concurrent terms of two years, unanimously modified, on the law, to the extent of remanding for resentencing that will include the pronouncement of the applicable term of postrelease supervision, and otherwise affirmed.

In its oral pronouncement of sentence, the court imposed a one-year period of postrelease supervision for the attempted possession conviction. That term was illegally low, and, as both sides agree, the replacement of that period with a lawful period of 1½ years by way of the commitment sheet was ineffective under *People v Sparber* (10 NY3d 457 [2008]). The proper remedy is a remand for resentencing, and defendant's argument that the illegally low term should be allowed to stand is similar to arguments rejected by the *Sparber* court (*id*. at 471-472). Concur—Gonzalez, P.J., Tom, Sweeny, Catterson and Renwick, JJ.