■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT RIVERA, Appellant. [875 NYS2d 898]—

Judgment, Supreme Court, New York County (Charles J. Tejada, J.), rendered February 20, 2007, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of six years, unanimously modified, on the law, to the extent of remanding for resentencing, and otherwise affirmed.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]; *People v Pavao*, 59 NY2d 282, 292 [1983]). The court limited the scope of permissible inquiry into defendant's extensive record, and the permitted inquiries were not unduly prejudicial.

The People concede that at sentencing the court and counsel were under the misimpression that defendant was a second felony drug offender whose prior felony conviction was a violent felony, a status requiring a minimum sentence of six years in this case, whereas the predicate conviction at issue does not in

fact qualify as a violent felony. The People also concede that the provision for postrelease supervision was defective under *People v Sparber* (10 NY3d 457 [2008]). Accordingly, defendant is entitled to be sentenced, within the court's discretion, within the range permitted for a second felony drug offender (*see* Penal Law § 70.70 [3]), and to have the postrelease supervision component of his sentence pronounced orally. Concur— Gonzalez, P.J., Nardelli, Catterson, Moskowitz and Renwick, JJ.