08-5474-cr
United States v. Pender

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

  **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of May, two thousand ten.**

PRESENT:

   AMALYA L. KEARSE,
   ROBERT D. SACK,
   DEBRA ANN LIVINGSTON,
     *Circuit Judges*.

_____

United States of America,

   *Appellee*,

   v.            08-5474-cr

Shawntel Hightower,

   *Defendant*,

Clifford Pender,

   *Defendant-Appellant*.

_____

FOR APPELLANT:         DAVID L. LEWIS, Lewis & Fiore, New York, N.Y.

FOR APPELLEE:          PAUL D. SILVER, Assistant United States Attorney (TERRENCE
                       M. KELLY, Assistant United States Attorney, *on the brief*), *for*
                       RICHARD S. HARTUNIAN, United States Attorney for the
                       Northern District of New York, Albany, N.Y.

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**

that the district court's judgment of conviction be **AFFIRMED** and the matter **REMANDED** with

regard to Pender's sentence for further proceedings consistent with this order.

Defendant-Appellant Clifford Pender appeals from a November 4, 2008 judgment of the

United States District Court for the Northern District of New York (McAvoy, *J.*), sentencing him

principally to 232 months' imprisonment. We assume the parties' familiarity with the underlying

facts, procedural history, and the issues on appeal.

On August 22, 2007, a grand jury returned a two-count indictment against Pender and

Shawntel Hightower. Count 1 charged the defendants with conspiracy to distribute 50 grams or

more of cocaine base in violation of 21 U.S.C. § 846. Count 2 charged the defendants with

possession with intent to distribute of 50 grams or more of cocaine base in violation of 21 U.S.C.

§ 841(a)(1). Following a March 19, 2008 hearing, Judge Lawrence E. Kahn denied Pender's motion

to suppress the crack cocaine and currency found in the automobile he was driving at the time of his

arrest. *United States v. Pender*, 554 F. Supp. 2d 289 (N.D.N.Y. 2008). Pender's trial commenced

on July 14, 2008 before Judge Thomas J. McAvoy, and on July 17, 2008, the jury returned a guilty

verdict on count 1, conspiracy, and a not guilty verdict on count 2, possession with intent to

distribute. On October 28, 2008, Pender appeared before Judge McAvoy for sentencing. Based on an offense level of 34 and a criminal history category of IV, the district court computed Pender's Guidelines range as 210 to 262 months of imprisonment and sentenced him principally to 232 months, a within-Guidelines sentence.

On appeal, Pender principally contends that the district court erred in denying his motion to suppress. He also argues that the government attorney made improper remarks at trial that require reversal and that the district court made errors in sentencing. For the reasons that follow, we reject all of Pender's arguments except that, on the recommendation of the government, we remand to the district court to determine in the first instance whether Pender was erroneously assigned two criminal history points under U.S.S.G. § 4A1.1(d) for committing the instant offense while on parole.

### A.    Suppression of Evidence

"On an appeal from a district court's ruling on a motion to suppress evidence, we review the court's factual findings for clear error, viewing the evidence in the light most favorable to the government." *United States v. Ivezaj*, 568 F.3d 88, 96 (2d Cir. 2009). The district court's legal conclusions are reviewed *de novo*. *Id.* In conducting our review, we give "special deference to findings that are based on determinations of witness credibility." *United States v. Lucky*, 569 F.3d 101, 106 (2d Cir. 2009).

In determining whether information from an informant establishes either reasonable suspicion justifying an investigative stop or probable cause for a search, we look to the "totality of the circumstances." *White v. Alabama*, 496 U.S. 325, 330-31 (1990). The totality inquiry involves an examination of "an informant's veracity, reliability and basis of knowledge, . . . and the extent to which an informant's statements—even about a suspect's innocent activities—are independently

corroborated." *United States v. Gagnon*, 373 F.3d 230, 235 (2d Cir. 2004) (internal citations and quotation marks omitted). We conclude that Special Agent Arp had at least reasonable suspicion justifying his order for an investigative stop of the vehicle Pender was driving based on the tip from a confidential informant ("CI") "corroborated by other matters within the [agent's] knowledge," *Illinois v. Gates*, 462 U.S. 213, 242 (1983) (internal quotation marks omitted), and we conclude that the CI's tip, along with Agent Arp's knowledge and the observations of law enforcement agents following the stop, provided probable cause for the subsequent search of the vehicle.

Pender argues that Agent Arp was not a credible witness because of discrepancies between his affidavit and his testimony. After reviewing the affidavit and testimony, and giving due deference to the district court's credibility findings, we find no clear error in the district court's determination that Agent Arp's testimony was credible. *See Pender*, 554 F. Supp. 2d at 292-94. We also conclude that the CI's tip that Pender was driving a vehicle carrying narcotics provided Agent Arp with the reasonable suspicion necessary to order an investigative stop of the vehicle, given Agent Arp's familiarity and past dealings with the CI. First, the CI's veracity had been established because the CI had been successfully utilized in the past, both by Arp and others in his office. *Id.* at 295. Second, we agree with the district court that Arp could reasonably infer that the CI's basis of knowledge was sound since the CI told Arp it was Pender himself who told the CI that Pender was in possession of narcotics, *id.*, and since Arp knew that the CI had a relationship with Pender that made such a revelation not improbable.

Pender next argues that the search of his vehicle was impermissible and that the cocaine found in the wheel well should be suppressed. We disagree. The automobile exception to the warrant requirement "permits law enforcement to conduct a warrantless search of a readily mobile

vehicle where there is probable cause to believe that the vehicle contains contraband." *United States v. Navas*, 597 F.3d 492, 497 (2d Cir. 2010). "Where the probable cause upon which the search is based extends to the entire vehicle, the permissible scope of a search pursuant to this exception includes every part of the vehicle . . . that may conceal the object of the search." *Id.* (internal quotation marks omitted).

As explained, Agent Arp had probable cause to believe that the vehicle Pender was driving contained narcotics. Under the automobile exception, therefore, Arp was permitted to search all parts of Pender's vehicle in which the narcotics might be located. That the dog search was conducted three hours after Arp drove the vehicle to the police station does not render the search unreasonable. *See United States v. Johns*, 469 U.S. 478, 484 (1985) ("There is no requirement that the warrantless search of a vehicle occur contemporaneously with its lawful seizure."); *United States v. Cruz*, 834 F.2d 47, 51-52 (2d Cir. 1987) (holding that two hour delay between seizure of vehicle and warrantless search of vehicle was not unreasonable).

**B.      Government's Conduct During Trial**

In his counseled brief, Pender argues that the government made "covert racial remarks" at trial that require reversal. In his *pro se* submission, Pender argues that reversal is required because the government attorney improperly "bolstered and vouched for his case" by using the word "I" during summation. We disagree with both contentions.

With regard to the first contention, we reject the claim that any racially prejudicial remarks were made.[1]  In his closing argument, government counsel reminded the jury that "despite [the]

---

[1]Both the government and Pender agree that it is an open question in this Circuit what standard applies to the review of racially prejudicial remarks in summation. We need not address the question here, given our conclusion that no such remarks were made.

background" of the government's witnesses, the jurors had promised to listen to their testimony and, if they believed it to be true, to credit that testimony. Not only do we not see any mention of or allusion to the race of the witnesses and the defendant in the summation, it is clear when read in context that the government attorney's remarks were designed to remind the jury that despite the unsavory past acts of some of the witnesses, the jury had a duty to listen to their testimony and make a fair determination about the witnesses' veracity.

With regard to Pender's argument that the government attorney "bolstered and vouched for his case" by using the pronoun "I," "[i]t is well established that prosecutors may not 'vouch for their witnesses' truthfulness.'" *United States v. Carr*, 424 F.3d 213, 227 (2d Cir. 2005) (quoting *United States v. Modica*, 663 F.2d 1173, 1179 (2d Cir. 1981)). However, "the government is allowed to respond to an argument that impugns its integrity or the integrity of its case." *Id.* (internal quotation mark omitted). Moreover, "[a]n improper remark by a prosecutor will justify a reversal by this Court only if it causes the defendant substantial prejudice by so infecting the trial with unfairness as to make the resulting conviction a denial of due process." *Id.* (internal quotation marks omitted). Because Pender did not raise this objection at trial, moreover, we review Pender's contention for plain error only. *United States v. Rodriguez*, 587 F.3d 573, 583 (2d Cir. 2009).

Pender identifies three passages in the trial transcript where the government attorney used the pronoun "I." In the first two instances, the government was responding to Pender's counsel's impugning of the credibility of the government's witnesses. In the third instance, the government attorney asked rhetorically why Shawntel Hightower pled guilty and answered with "I don't know." In none of these instances was the government vouching for its own case. After reviewing the summation as a whole, *see United States v. Eltayib*, 88 F.3d 157, 173 (2d Cir. 1996), we find no

"improper vouching" on the part of the government attorney, nor do we find that these remarks "so infect[ed] the trial" such that Pender was denied due process, *see Carr*, 424 F.3d at 227. As such, there was no plain error here.

## C.    *Sentencing*

In his counseled brief, Pender argues that the district court erred in relying on Damen Wilson's testimony to establish the quantity of crack cocaine for which Pender was responsible under the advisory Sentencing Guidelines. Because Pender did not raise this objection below, we review it only for plain error, and we reject it. *See United States v. Villafuerte*, 502 F.3d 204, 207 (2d Cir. 2007). In his *pro se* submission, he also contends that it was error for the district court to impose a two point enhancement to his criminal history for committing the instant offense while on parole. At the urging of the government, we remand to the district court for a determination of whether the two criminal history points were added in error.

### i.    **Drug Quantity**

"[T]he burden rests on the government to prove the quantity of drugs possessed or distributed by a preponderance of the evidence . . . ." *United States v. Jones*, 30 F.3d 276, 286 (2d Cir. 1994), *cert. denied*, 513 U.S. 1028 (1994). It is proper for a district court to rely on witness testimony to establish drug quantities for sentencing. *See United States v. Blount*, 291 F.3d 201, 215 (2d Cir. 2002). Moreover, "[a] district court's factual findings based on the testimony of witnesses [are] entitled to special deference." *United States v. Beverly*, 5 F.3d 633, 642 (2d Cir. 1993). "We have recognized that assessing the credibility of witnesses is distinctly the province of the district court, and we will not lightly overturn such assessments." *Id.* Facts found by the district court in support of a sentencing calculation "will not be disturbed unless clearly erroneous." *Id.*

7

The district court did not commit error—plain, clear, or otherwise—by relying on Wilson's testimony to establish that Pender was responsible for 584.6 grams of crack cocaine (cocaine base). On appeal, Pender contends primarily that the district court should not have credited Wilson's testimony because of "problems with his veracity." After reviewing the trial transcript, we conclude that the district court did not clearly err in crediting Wilson's testimony and, accordingly, we decline to overturn the district court's credibility assessment.

### ii. Calculation of Criminal History

Pender argues in his *pro se* submission that it was error for the district court to add two criminal history points for Pender's having committed the instant offense while on parole in New York State. We agree with Pender and the government that the case should be remanded so the district court can determine whether the two criminal history points were added in error.

The PSR states that in 1999, Pender was convicted of Criminal Possession of a Weapon in the Third Degree, and sentenced to seven years' imprisonment. The PSR also indicates that Pender was paroled in 2005, violated his parole in 2007 by committing the present offense, and subsequently had his parole revoked with a new maximum expiration date of 2015. In preparation for sentencing, the Probation Office determined that Pender committed the instant offense while on parole in connection with this 1999 offense and, in accordance with U.S.S.G. § 4A1.1(d), added two criminal history points. However, Pender attached to his *pro se* submission to this Court a copy of a January 23, 2009 Post Release Supervision Re-Sentencing Order that indicates that, after reviewing the record of Pender's sentence in state court in 1999, a judge found that there was "no discussion or agreement concerning post-release supervision as part of the Defendant's sentence reflected anywhere in the proceedings." The court declined to resentence Pender, holding that "no period of

post release supervision constitutes part of the Defendant's sentence."

Under New York Penal Law § 70.45, "[w]hen a court imposes a determinate sentence it shall in each case state not only the term of imprisonment, but also an additional period of post-release supervision." N.Y. Penal Law § 70.45(1). This Court has held that, because only a judge may impose a criminal sentence, when the sentencing judge fails to impose the statutorily-mandated period of post-release supervision, the defendant cannot be subjected to that term of supervision. *Earley v. Murray*, 451 F.3d 71, 75 (2d Cir. 2006). The New York Court of Appeals, moreover, has determined that when the state sentencing court fails to pronounce the mandatory post-release supervision terms at sentencing, the remedy is to allow the sentencing court an opportunity to re-sentence the defendant. *People v. Sparber*, 10 N.Y.3d 457, 465 (2008). As the government notes, Pender's 2009 document suggests that this may have been the procedure that was followed with respect to Pender's 1999 state conviction, which would mean that at the time of the instant offense, in 2007, Pender was not on parole. We thus conclude that it is appropriate to remand to the district court so that it can determine in the first instance whether Pender was subject to a "criminal justice sentence" for purposes of U.S.S.G. § 4A1.1(d) when he committed the instant offense.

As for Pender's other claims, we decline to review the ineffective assistance of counsel claim raised in Pender's *pro se* submission, leaving it to Pender to raise on a petition for habeas corpus under 28 U.S.C. § 2255. *See United States v. Oladimeji*, 463 F.3d 152, 154 (2d Cir. 2006). We have considered the remainder of Pender's claims—both in his counseled brief and in his *pro se* submission—and determined them to be without merit.

For the foregoing reasons, the district court's judgment of conviction is **AFFIRMED** and the matter **REMANDED** with regard to Pender's sentence to permit the district court to determine

whether Pender was subject to a "criminal justice sentence" for purposes of U.S.S.G. § 4A1.1(d) when he committed the instant offense and, if necessary, to resentence Pender.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk