■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIONIS COLLADO, Appellant. [905 NYS2d 136]—

Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered March 11, 2009, resentencing defendant, as a second violent felony offender, to an aggregate term of eight years to be followed by five years' postrelease supervision (PRS) for his 2005 conviction on two counts of robbery in the second degree, reversed, on the law, and the matter remanded for resentencing, including further proceedings with respect to defendant's predicate felony status.

In 2000, defendant pleaded guilty to attempted robbery in the second degree and was sentenced to a determinate term of two years, which did not include a period of PRS. After his release, the Department of Correctional Services imposed a period of PRS, and defendant then committed the robberies of which he now stands convicted. Based on the 2000 robbery conviction, defendant was adjudicated a second violent felony offender, and in 2005 he was sentenced to the concurrent terms of eight years now under review. A five-year period of PRS was noted on the commitment sheet but was not orally pronounced. After our affirmance in 2008 (47 AD3d 547 [2008]), the Court of Appeals, citing *People v Sparber* (10 NY3d 457 [2008]), modified to the extent of remitting to Supreme Court for resentencing (11 NY3d 888 [2008]). Thereafter, defendant moved to set aside the sentence in the 2000 case (CPL 440.20). The sentencing court granted that motion and resentenced defendant "nunc pro tunc" for the purpose of correcting the *Sparber* error, imposing the minimum period of PRS and holding that correcting the sentence did not preclude use of the 2000 crime as a predicate felony in connection with sentencing in the instant case. The court then went on to impose the resentence now under review for the 2005 conviction, "whether or not [defendant] is a second felony offender."

Where a defendant receives an enhanced sentence based upon a predicate felony offense and the sentence imposed for the predicate offense is vacated due to the failure to pronounce a term of PRS, the resentencing date controls whether the earlier crime qualifies as a predicate offense under Penal Law § 70.06 (1) (b) (ii) (*see People v Acevedo*, — AD3d —, 2010 NY Slip Op

04464 [2010] [decided simultaneously herewith]). Where, as here, resentencing on an earlier crime occurs after the present offense was committed, the earlier crime does "not qualify as a predicate conviction for purposes of sentencing" in multiple offender status (*People v Wright*, 270 AD2d 213, 215 [2000], *lv denied* 95 NY2d 859 [2000]).

The People argue that under *People v Williams* (14 NY3d 198 [2010]), the sentencing court lacked jurisdiction to resentence defendant on the 2000 case because the modified sentence included a period of PRS. They contend that the resentencing proceedings are thereby rendered a nullity and that the original sentence date controls for purposes of the predicate status of the conviction.

*Williams* bars the imposition of a period of postrelease supervision after a defendant has been released from incarceration and after his direct appeal has been completed. Because an upward modification of a defendant's sentence at this juncture violates the constitutional protection against double jeopardy, it constitutes a mode of proceedings error that does not require the defendant to preserve it for appellate review. The same reasoning does not extend to the People, who are not within the ambit of the protection afforded by the Double Jeopardy Clause. Nor have the People identified any procedure entitling them to contest the resentencing court's jurisdiction at this late date. Notably, they did not object to resentencing on the predicate offense, but actively sought the imposition of a period of PRS. Nor did they appeal from resentencing in the instant matter. Since this Court's review is restricted to issues "which may have adversely affected the appellant" (CPL 470.15 [1]), we cannot consider the People's alternative argument in favor of affirmance (*see People v Karp*, 76 NY2d 1006 [1990]). Moreover, defendant does not object to the modified sentence. Therefore, the issue of the sentencing court's jurisdiction is not before us.

Upon remand, the People may seek to demonstrate that a different prior felony conviction constitutes a predicate felony. Concur—Tom, J.P., Renwick, Freedman and Román, JJ.

Nardelli, J., dissents in a memorandum as follows: I dissent for the reasons I stated in my dissent in *People v Acevedo* (— AD3d —, 2010 NY Slip Op 04464 [2010]), decided herewith.

On June 29, 2000, defendant was convicted, on his plea of guilty, of attempted robbery in the second degree, a violent class D felony (Penal Law § 70.02 [1] [c]). The court neglected to impose postrelease supervision, which was mandated by Penal Law § 70.45 as then in effect. He was resentenced on March 11, 2009, after he moved pursuant to CPL 440.20 for resentencing,

as a result of the Court of Appeals' decision in *People v Sparber* (10 NY3d 457 [2008]). At the resentencing, the court imposed a term of 1½ years' postrelease supervision along with the original term of two years' imprisonment, all to run nunc pro tunc to the time of original sentencing. Effectively, as the court noted, the sentences were completed as soon as they were imposed. The conviction itself was never vacated.

Subsequent to June 29, 2000, but prior to March 11, 2009, defendant and three accomplices committed a gunpoint robbery. On September 6, 2005, after a jury trial, he was convicted of robbery in the first degree and two counts of robbery in the second degree, inter alia, and sentenced as a second violent felony offender.

In this appeal defendant challenges the finding of the court which sentenced him for the robbery that he was a second violent felon, because he was resentenced on the June 29, 2000 conviction after committing the 2005 robbery. The trial court, correctly in my belief, declined to alter his status as a second violent felon.

A second violent felony offender is defined as a person "convicted of a violent felony offense as defined in subdivision one of section 70.02 after having previously been subjected to a predicate violent felony conviction" (Penal Law § 70.04 [1] [a]). There is no doubt that defendant's two convictions qualify to make him a second violent felony offender, first of all, and that he has been a convicted violent felon since June 29, 2000. There is also no dispute that he was sentenced for the 2000 felony before the commission of the second felony, and that sentence was imposed not more than 10 years before the commission of the second felony. Therefore, defendant has met all the relevant criteria for being sentenced as a second violent felony offender (*see* Penal Law § 70.04 [1] [b]).

As I observed in my dissent in *Acevedo*, the resentencing for the 2000 attempted robbery was merely a technicality, and, as is now evident by the decision in *People v Williams* (14 NY3d 198 [2010]), also a nullity. It has no impact on defendant's status as a second violent felon, since he was on full notice in 2005 of his status as a felon, and charged with the knowledge that commission of subsequent crimes would result in enhanced sentencing. He is not entitled to a windfall. The purpose of the predicate felony scheme, as well as the requirement for postrelease supervision for certain convictions, is to impose greater sanctions on particularly dangerous felons. Defendant is among those whom the statute targets. Abrogating defendant's violent felon status accomplishes nothing in support of these legislative

initiatives, and, instead, will foster public cynicism about loopholes and technicalities.

The conviction should be affirmed.