■ The People of the State of New York, Respondent, v Jerry Lee Brims, Jr., Appellant. [942 NYS2d 881]—Appeal by the defendant from a resentence of the County Court, Rockland County (Apotheker, J.), imposed February 16, 2011, which, upon his conviction of manslaughter in the first degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and reckless endangerment in the first degree, upon a jury verdict, imposed periods of postrelease supervision in connection with his convictions of manslaughter in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree in addition to the concurrent determinate terms of imprisonment previously imposed on September 27, 2000.

Ordered that the resentence is affirmed.

Contrary to the defendant's contention, his prior motion, in

effect, pursuant to CPL 440.20, to vacate his illegal sentence, which he subsequently, in effect, withdrew, did not divest the County Court of its authority to correct a *"Sparber* error" (*People v Lingle,* 16 NY3d 621, 629 [2011]; *see People v Sparber,* 10 NY3d 457 [2008]) upon notice from the Department of Corrections and Community Supervision pursuant to Correction Law § 601-d. It was within the trial court's inherent power to correct the error made at sentencing (*see People v Williams,* 14 NY3d 198, 212 [2010], *cert denied* 562 US —, 131 S Ct 125 [2010]; *People v Richardson,* 100 NY2d 847, 852-853 [2003]; *People v Wright,* 56 NY2d 613, 614 [1982]; *People v Minaya,* 54 NY2d 360, 364 [1981], *cert denied* 455 US 1024 [1982]). A *Sparber* error " 'amounts only to a procedural error . . . which the sentencing court [can] easily remedy' " (*People v Lingle,* 16 NY3d at 634 [emphasis omitted], quoting *People v Sparber,* 10 NY3d at 472). Mastro, A.P.J., Balkin, Sgroi and Cohen, JJ., concur.