■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAUN HARRIS, Appellant. [20 NYS3d 554]—

Judgment of resentence, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered October 12, 2012, resentencing defendant to an aggregate term of 25 years to life, and imposing an aggregate term of five years' postrelease supervision (PRS) as to certain convictions, unanimously modified, on the law, to remand for further resentencing in accordance with this decision, and otherwise affirmed.

Although the resentencing proceeding was neither barred by double jeopardy nor otherwise unconstitutional (see People v Lingle, 16 NY3d 621 [2011]), the court did not specify the length of postrelease supervision in its oral pronouncement of resentence, but only in written documents. This was insufficient to comply with the procedure mandated by People v Sparber (10 NY3d 457, 470 [2008]). Accordingly, we remand for the correction of this error.

However, we perceive no basis for reducing the aggregate term of PRS, which was imposed on defendant's weapon possession convictions, which accompanied his conviction for a heinous first-degree murder. Since, in the event that defendant is released on parole, he will be under lifetime supervision, the question of PRS is essentially academic. Defendant acknowledges this, but argues that this is a basis for reducing the term of PRS. We reject that argument. Concur—Mazzarelli, J.P., Richter, Manzanet-Daniels and Kapnick, JJ.