People v Stephens (2018 NY Slip Op 03023)





People v Stephens


2018 NY Slip Op 03023


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


528 KA 15-01105

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
HAVERT STEPHENS, ALSO KNOWN AS HARVERT STEPHENS, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN N. MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (James H. Cecile, A.J.), rendered April 28, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence imposed on count two of the indictment and as modified the judgment is affirmed, and the matter is remitted to Onondaga County Court for resentencing on that count.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). Contrary to defendant's contention, the sentence imposed on the criminal sale count is not unduly harsh or severe. We note, however, that County Court failed to pronounce orally a period of postrelease supervision on the criminal possession count. We therefore modify the judgment by vacating the sentence imposed on count two, and we remit the matter to County Court for resentencing thereon (see People v Sparber, 10 NY3d 457, 469-470 [2008]).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court