People v Cleveland (2019 NY Slip Op 08308)





People v Cleveland


2019 NY Slip Op 08308


Decided on November 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


1018 KA 18-00489

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DARNELL CLEVELAND, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (James F. Bargnesi, J.), rendered January 22, 2018. The judgment convicted defendant upon his plea of guilty of burglary in the second degree, forgery in the second degree, identity theft, and unauthorized use of a vehicle in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed and the matter is remitted to Erie County Court for resentencing in accordance with the following memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, burglary in the second degree (Penal Law
§ 140.25 [2]), defendant contends, and the People concede, that his confession of judgment with respect to restitution must be voided because the amount thereof differs from the amount of restitution contemplated by the plea bargain. Although not raised by the parties, we conclude that defendant's sentence must be vacated in its entirety because County Court failed to pronounce the sentence of restitution in open court (see People v Guadalupe, 129 AD3d 989, 989 [2d Dept 2015]; see generally People v Petrangelo, 159 AD3d 1559, 1560 [4th Dept 2018]).
"CPL 380.20 and 380.40 (1) collectively require that courts must pronounce sentence in every case where a conviction is entered' and that—subject to limited exceptions not relevant here— [t]he defendant must be personally present at the time sentence is pronounced' " (People v Sparber, 10 NY3d 457, 469 [2008]). Restitution is a component of the sentence to which CPL 380.20 and CPL 380.40 (1) apply (see People v Nieves, 2 NY3d 310, 316 [2004]; People v Fuller, 57 NY2d 152, 156-157 [1982]). The requirements of CPL 380.20 and CPL 380.40 (1) are "unyielding" (Sparber, 10 NY3d at 469), and their violation may be addressed on direct appeal notwithstanding a valid waiver of the right to appeal or the defendant's failure to preserve the issue for appellate review (see Guadalupe, 129 AD3d at 989; see generally People v Acevedo, 17 NY3d 297, 301 [2011]). When the sentencing court fails to orally pronounce a component of the sentence, the sentence must be vacated and the matter remitted for resentencing in compliance with the statutory scheme (see Sparber, 10 NY3d at 471; Petrangelo, 159 AD3d at 1560; see generally People v Lingle, 16 NY3d 621, 634-635 [2011]).
Here, the court failed to orally pronounce the restitution component of defendant's sentence in his presence as required by CPL 380.20 and CPL 380.40 (1). We therefore modify the judgment by vacating defendant's sentence, and we remit the matter to County Court for resentencing (see Guadalupe, 129 AD3d at 989; People v Bauer, 229 AD2d 502, 502-503 [2d Dept 1996]). Upon remittal, the court should address and reconcile the discrepancy between the amount of restitution contemplated by the plea bargain ($350) and the amount of restitution specified in the written confession of judgment ($841.12).
Entered: November 15, 2019
Mark W. Bennett
Clerk of the Court