People v Guadalupe (2020 NY Slip Op 00430)





People v Guadalupe


2020 NY Slip Op 00430


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-07104
2019-13175

[*1]The People of the State of New York, respondent,
v
Jose A. Guadalupe, appellant. (Ind. Nos. 09-00513, 09-00800) Walter J. Storey, Goshen, NY, for appellant.


David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two resentences of the County Court, Orange County (William L. Deprospo, J.), both imposed May 1, 2018, upon his convictions of manslaughter in the first degree under Indictment No. 09-00513, and burglary in the second degree under Indictment No. 09-00800, upon his pleas of guilty, after remittitur from this Court for resentencing (see People v Guadalupe, 129 AD3d 989).
ORDERED that the resentences are affirmed.
The defendant pleaded guilty to manslaughter in the first degree under Indictment No. 09-00513 and burglary in the second degree under Indictment No. 09-00800. On the defendant's appeals from the judgments of conviction, this Court modified the judgments by vacating the sentences imposed and remitting the matters to the County Court, Orange County, for resentencing based on that court's failure to pronounce the sentences of restitution in open court in accordance with CPL 380.20 (see People v Guadalupe, 129 AD3d 989). On May 1, 2018, the County Court, upon remittitur, resentenced the defendant to the same terms of imprisonment on each conviction, without imposing restitution. On these appeals from the resentences, the defendant contends that the resentences were excessive.
Inasmuch as the resentencing was limited to correcting the failure to pronounce the sentences of restitution in open court at the original sentencing, the County Court had no discretion to reconsider the incarceratory component of the defendant's sentences, and this Court has no authority to reduce the prison sentences on appeal in the interest of justice (cf. People v Lingle, 16 NY3d 621, 635; People v Sparber, 10 NY3d 457; People v Adams, 85 AD3d 1192, 1193). Furthermore, since the court was not authorized to reconsider the incarceratory component of the defendant's sentences, the defendant's contention that the court improvidently exercised its discretion in declining to order an updated presentence report is without merit (see People v Nelson, 69 AD3d 763, 764).
DILLON, J.P., AUSTIN, ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court