People v Graham (2023 NY Slip Op 01852)

People v Graham

2023 NY Slip Op 01852

Decided on April 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 06, 2023

Before: Manzanet-Daniels, J.P., Kern, González, Scarpulla, Pitt-Burke, JJ. 

Ind. No. 4632/17 Appeal No. 17642 Case No. 2019-03793 

[*1]The People of the State of New York, Respondent,
v
Terrence Graham, Defendant-Appellant.

Mark W. Zeno, Center for Appellate Litigation, New York (John L. Palmer of counsel), and White & Case LLP, New York (Sally Kagay of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Stephen J. Kress of counsel), for respondent.

Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered June 12, 2019, convicting defendant, after a jury trial, of two counts of criminal possession of a weapon in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 16 years to life, unanimously modified, on the law, to the extent of remanding to the sentencing court for a ruling, in accordance with this decision, on defendant's claim that he was prejudiced by the absence of a warning that postrelease supervision would be a consequence of his 2002 guilty plea, and otherwise affirmed.
"The court's ruling prohibiting the impeachment of [several witnesses] through questions regarding [their] immigration status fell within the court's wide latitude to reasonably limit cross-examination and did not deprive defendant of his right of confrontation" (People v Anderson, 137 AD3d 601, 601 [1st Dept 2016], lv denied 27 NY3d 1128 [2016]). In any event, we find that the People have proven "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained" (Chapman v California, 386 US 18, 24 [1967]). Even if proof that some of the many witnesses were undocumented could be viewed as having some marginal relevance to a possible motive to falsely accuse defendant of weapon possession, defendant's inability to explore this issue could not have affected the verdict, in light of the overwhelming evidence of guilt.
Defendant is entitled to a proper ruling on his claim that one of the predicate convictions supporting his persistent violent felony offender adjudication was unconstitutionally obtained. At the time of that 2002 conviction, postrelease supervision was neither mentioned in the plea colloquy nor imposed at sentencing. Instead, PRS was added to his sentence in 2010 at a resentencing pursuant to People v Sparber, 10 NY3d 457 [2008]). At the persistent violent felony offender proceeding in this case, defendant claimed that he would have gone to trial in the 2002 case had he known that PRS would ultimately be a consequence of his plea (see People v Smith, 28 NY3d 191, 205 [2016]). The sentencing court conducted a hearing on this claim, which included defendant's testimony. After the hearing, the court expressly declined to rule on this claim of prejudice. Instead, the court ruled that defendant was barred from making such a challenge because he declined an opportunity to withdraw his 2002 plea when he was resentenced in 2010. However, that opportunity, offered when defendant had only weeks left to serve on the 8½ year sentence imposed in 2002, would not have provided a remedy for the constitutional defect that defendant is claiming, which is that he would not have pleaded guilty in 2002 had he known of the ultimate PRS component of his sentence. Accordingly, we find that defendant's 2010 failure to withdraw the 2002 plea did not waive his right to claim prejudice in the context of a challenge to the constitutionality [*2]of a predicate felony, and we remand for a ruling on that claim. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 6, 2023