■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO DEURAS, Appellant. [918 NYS2d 456]—

Defendant is entitled to relief under *People v Williams* (14 NY3d 198 [2010]), which invalidates the imposition of post-release supervision (PRS) upon resentencing of defendants who have been released after completing their terms of imprisonment. The fact that the resentencing proceeding commenced shortly before defendant's release does not require a different result, since defendant was released before he was resentenced.

There is nothing in *Williams* or related Court of Appeals cases to suggest that the double jeopardy rule stated in those cases is affected by a defendant's awareness, at some point prior to his or her release from prison, that the sentence will include PRS. While commencement of a Correction Law § 601-d resentencing proceeding puts a defendant on notice that PRS will be added to the sentence, we see no reason to treat that type of notice any differently.

We do not find that defendant is primarily responsible for the fact that he was resentenced after being released. Defendant did not cause the resentencing proceeding to be commenced more than nine years after his original sentence, more than 1½ years after the Court of Appeals ruled that the PRS component of a sentence must be orally pronounced by a court (*People v Sparber*, 10 NY3d 457 [2008]), and less than two months before defendant's scheduled release. With full knowledge of his impending release, the court granted defendant two reasonable adjournments of the resentencing proceeding, as a result of which the resentencing came after defendant's release.

We have considered and rejected the People's remaining arguments. Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Freedman and Abdus-Salaam, JJ.