■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO CAMACHO, Appellant. [925 NYS2d 819]—

Judgment of resentence, Supreme Court, Bronx County (John P. Collins, J.), rendered July 8, 2010, resentencing defendant to an aggregate term of nine years, with three years' postrelease supervision, unanimously reversed, on the law, the resentence vacated and the original sentence without postrelease supervision reinstated.

Defendant is entitled to relief under *People v Williams* (14 NY3d 198 [2010]), which invalidates the imposition of post-release supervision upon resentencing of defendants who have been released after completing their original sentences. Only those defendants who are still in custody or are on conditional release may be thus resentenced (*see also People v Lingle*, 16 NY3d 621 [2011]).

The resentencing proceeding was commenced shortly before defendant's scheduled release from custody. While the proceeding was pending, he was released after serving his full sentence; no conditional release was involved. The People assert that defendant was primarily responsible for the fact that he was

resentenced after completing his original sentence. However, the record does not support that claim (*see People v Deuras*, 82 AD3d 528 [2011]). Concur—Saxe, J.P., Sweeny, Catterson, Freedman and Manzanet-Daniels, JJ.