(October 11, 2011)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DENARD BUTLER, Respondent. [931 NYS2d 277]—

The question before this Court is whether a defendant with two prior violent felony convictions, who was resentenced for those crimes at the behest of the New York State Division of Parole (DOP) under Penal Law § 70.45 and after the commission of the crime at issue, should have been adjudicated a persistent violent felony offender. We hold that he should not have been.

In 2009, defendant, together with codefendants, was tried and convicted of a 2006 robbery of several individuals at a hot dog

stand. He was adjudicated a second violent felony offender and was sentenced to a 12-year prison term. Before defendant's 2009 felony conviction, he was twice convicted of violent felonies in Kings County. In November 1999, after defendant pleaded guilty to criminal possession of a weapon in the third degree (former Penal Law § 265.02 [4]), a class D violent felony, the Kings County Supreme Court sentenced him to a four-month prison term to run concurrently with five years' probation. In March 2001, after defendant had been released from prison but was still on probation, a Kings County jury convicted him of criminal possession of a weapon in the third degree. In April 2001 the Kings County sentencing court (Michael J. Brennan, J.) adjudicated defendant a second violent felony offender and sentenced him to both a determinate six-year prison term on the second weapon possession conviction, and a concurrent determinate six-year term for defendant's violation of the probation terms for the 1999 conviction. The court, however, neglected to pronounce the mandatory term of postrelease supervision (PRS) for the 2001 conviction as required under Penal Law § 70.45.

The People, relying on *People v Acevedo* (17 NY3d 297 [2011]), appeal the trial court's adjudication of defendant as a second violent felony offender rather than as a persistent violent felony offender.

Defendant argues that he is not a predicate or persistent violent felon. In particular defendant contends that the April 2001 sentence was a nullity because it did not include PRS, and that "[t]he sole remedy for a procedural error such as this is to vacate the sentence and remit for a resentencing hearing so that the trial judge can make the required pronouncement" (*People v Sparber*, 10 NY3d 457, 471 [2008]). He opines, consistent with the trial court's finding, that the September 2008 order declining to resentence him constituted a "new sentence," and that the date of the order should be deemed the sentencing date for determining his status as a predicate felon.

In August 2005, defendant was released from prison, and in October 2006 he committed and was arrested for the robbery at issue on this appeal. In July 2008, while defendant was awaiting trial on the within matter, the DOP notified the Kings County sentencing court that defendant's commitment order for the 2001 conviction did not indicate that the court had imposed the mandatory PRS term, and that his sentence should thus be reviewed pursuant to Correction Law § 601-d.

In September 2008 the court issued a "[PRS] Sentencing Order," holding that "in the interests of justice and equity," it

declined to resentence defendant and that "no period of [PRS] constitutes part of [defendant's] sentence."* In March 2009 defendant was found guilty by a jury of the 2006 robbery. The People asked the court to adjudicate defendant a persistent violent felony offender, based on the 1999 and 2001 Kings County convictions. Defendant opposed the application, arguing that he should be sentenced as a first-time violent felony offender because the original sentences for the Kings County convictions were vacated as unlawful and he was resentenced on those convictions after he committed the 2006 robberies.

The trial court decided to sentence defendant as a second violent felony offender (*People v Butler*, 24 Misc 3d 1225[A], 2009 NY Slip Op 51619[U], *5 [2009]). The court, relying on *People v Sparber*, held that an illegal sentence must be vacated and, that, once vacated, the conviction cannot be a predicate to enhance the defendant's sentence on a subsequent conviction, since it does not satisfy Penal Law § 70.04 (1) (b) (ii) (*Butler*, 2009 NY Slip Op 51619[U], *3). However, the trial court refused to consider defendant's first sentence as having been vacated because he failed to raise any challenge to his predicate status at the time of his second sentencing. The court deemed that challenge to have been waived pursuant to CPL 400.15 (8) (2009 NY Slip Op 51619[U], *4-5, citing CPL 400.15 [7] [b]; 400.16 [1]).

A defendant may be adjudicated a persistent violent felony offender only if he has previously been convicted of two or more predicate violent felonies (Penal Law § 70.08 [1] [a]). The persistent violent felony offender statute incorporates by reference a provision that the "[s]entence upon such prior conviction[s] must have been imposed before commission of the present felony" (Penal Law § 70.04 [1] [b] [ii]).

In *People v Acevedo* (17 NY3d 297 [2011], *supra*), the Court of Appeals held that defendants could not avoid adjudication as predicate felons by seeking, after sentencing for the present conviction, resentencing of a prior conviction where the court failed to impose the required PRS. Both of the defendants in *Acevedo* received sentences for their first violent felony convictions that did not include the required PRS, and sought to have those sentences vacated after they had been convicted and sentenced for subsequent crimes (17 NY3d at 299-302). The Court of Appeals rejected the defendants' argument that their prior convictions could not be considered in determining predi-

---

* Defendant thereafter submitted a memorandum of law arguing that the court was required to formally resentence him to his original prison term without PRS, but the court took no further action.

cate felon status, stating: "The decisive feature of these cases is, we believe, that the sentencing errors defendants sought to correct by resentencing were errors in their favor: PRS was illegally omitted from their original sentences. The only practical benefit defendants could possibly gain from the resentencings was to move their sentences to a later date, thus eliminating their prior crimes as predicates in their later cases. We would hold that this tactic was ineffective: in circumstances like these, the original sentencing date should be the one to be considered for predicate felony purposes" (*Acevedo*, 17 NY3d at 302).

The Court of Appeals specifically narrowed its decision to instances in which the defendant requested PRS resentencing as a tactical measure to avoid predicate status. The majority opinion in *Acevedo* implicitly rejected the broader holding of the concurring opinion, which would have found that predicate status cannot not be affected by any PRS resentencing.

In this case, defendant did nothing to alter his status; rather, it was the DOP that sought and obtained the resentencing in 2008, two years after the commission of the crime. Thus, the trial court properly adjudicated defendant a second violent felony offender, rather than a persistent violent felony offender (2009 NY Slip Op 51619[U], *5). Indeed, we find that where, in the normal course, the government seeks resentencing of a prior conviction and the sentence is vacated for failure to pronounce a term of PRS the resentencing date should be considered in determining whether the prior conviction meets the sequentiality requirement of the predicate felony offender statutes. While, in this case, the court in Kings County, with the People's consent, chose not to add a term of PRS, its declaration that it declined to resentence defendant does not mean that a new sentence was not imposed. Under Penal Law § 70.85, a court is required to impose a new sentence even if the District Attorney consents to reimposition without adding PRS.

Lastly, we find that the trial court properly adjudicated defendant a second violent felony offender, notwithstanding the implicit resentencing on his first felony conviction in 2008, since the second violent felony offender adjudication based on that conviction was binding pursuant to CPL 400.15 (8). Concur—Tom, J.P., Acosta, Renwick and Freedman, JJ. **[Prior Case History: 24 Misc 3d 1225(A), 2009 NY Slip Op 51619(U) (2009).]**