(January 26, 2012)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL BOYER, Appellant. [940 NYS2d 677]—

Mercure, A.P.J.

Defendant also appeals, by permission, from County Court's denial of his CPL 440.20 motion to vacate his sentence and be resentenced as a second violent felony offender. Specifically, defendant argues that he is entitled to such relief because one of the prior felony convictions supporting his adjudication as a persistent violent felony offender was later determined to be subject to resentencing based upon the court's failure to pronounce the term of postrelease supervision (*see People v Sparber*, 10 NY3d 457, 472 [2008]). Because resentencing in that case did not occur until after defendant committed the crime in the present case (*see People v Boyer*, 91 AD3d 1194 [2012] [decided herewith]), defendant contends that the prior conviction cannot be considered a predicate felony conviction for purposes of sentencing in this case (*see* Penal Law § 70.04 [1] [b] [ii]). We disagree.

In *People v Acevedo* (17 NY3d 297 [2011]), the Court of Appeals held that defendants will not be permitted, "by means of [seeking] vacatur and resentence" on prior convictions in which

the court failed to impose required postrelease supervision, "to render their prior convictions useless as predicates to enhance punishment for the crimes they subsequently committed" (*id.* at 303). The Court explained that "[r]esentence is not a device appropriately employed [by a defendant] simply to alter a sentencing date and thereby affect the utility of a conviction as a predicate for the imposition of enhanced punishment" (*id.*). The Court expressly left open the question of "what effect a bona fide *Sparber* resentence"—i.e., one in which the Department of Corrections and Community Supervision, rather than a defendant, seeks resentencing pursuant to Correction Law § 601-d and Penal Law § 70.85—"should have for predicate felony purposes" (*id.*; *but see People v Butler*, 88 AD3d 470, 473 [2011] [concluding that the Court "implicitly rejected" the position of the concurring judges, who would have held that predicate felony status is not affected by *any* postrelease resentencing]).

Here, the Department of Corrections and Community Supervision sought resentencing on defendant's prior conviction and, thus, this case presents the question that was explicitly left open in *Acevedo*. In our view, the rationale set forth by the concurrence authored by Judge Pigott in *Acevedo* is persuasive. As the concurring judges noted, the Court of Appeals has recently indicated that "when a defendant is resentenced based upon a *Sparber* error, the underlying conviction remains as does that part of the sentence imposing incarceration, because, under *Sparber* and its progeny, the purpose of the resentence is simply to provide a process to correct a 'procedural error,' 'akin to a misstatement or clerical error' " (*People v Acevedo*, 17 NY3d at 304 [Pigott, J., concurring], quoting *People v Sparber*, 10 NY3d 457, 472 [2008]; *see People v Lingle*, 16 NY3d 621, 635 [2011]). Therefore, as in *Acevedo*, the original sentencing date on the prior conviction—as opposed to the resentencing date—controls in determining whether the prior conviction may be considered as a predicate in sentencing for subsequent crimes, and defendant's CPL 440.20 motion was properly denied.

Lahtinen, Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment and order are affirmed. [**As corrected, see 2012 NY Slip Op 68905(U).**]