■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN NAUGHTON, Appellant. [940 NYS2d 667]—

Appeal by the defendant, as limited by his brief, from a sentence of the County Court, Suffolk County (Braslow, J.), imposed October 7, 2008, upon his conviction of attempted burglary in the second degree (two counts), upon his plea of guilty.

Ordered that the sentence is affirmed.

In 2001 the defendant was convicted, upon his plea of guilty, of two counts of burglary in the second degree, and sentenced as a second felony offender to concurrent determinate terms of imprisonment of five years on each count. The court failed, however, to impose the mandatory period of postrelease supervision (hereinafter PRS). In 2008 the defendant was convicted of two counts of attempted burglary in the second degree, upon his plea of guilty, and sentenced as a second felony offender to

concurrent determinate terms of imprisonment of six years and periods of PRS of five years. In February 2009 the defendant was resentenced on the 2001 burglary conviction. Pursuant to Penal Law § 70.85, on consent of the District Attorney, the originally imposed determinate sentences were re-imposed without any period of PRS. There is no indication in the record that the resentencing proceeding was conducted upon the initiative of the defendant, as opposed to that of the Department of Corrections and Community Supervision (hereinafter DOCCS), pursuant to Correction Law § 601-d.

The defendant now contends that his sentence, as a second felony offender, on the 2008 attempted burglary conviction was illegal. He asserts that the 2001 burglary conviction, which had served as the predicate felony offense for his adjudication in 2008 as a second felony offender, no longer qualified as a predicate felony offense because the resentence on the 2001 burglary conviction was imposed after imposition of the sentence on the 2008 attempted burglary conviction. We disagree.

We decline to follow the decision of the Appellate Division, First Department, in *People v Butler* (88 AD3d 470, 473 [2011]), in which that Court held that "where, in the normal course, the government seeks resentencing of a prior conviction and the sentence is vacated for failure to pronounce a term of PRS the resentencing date should be considered in determining whether the prior conviction meets the sequentiality requirement of the predicate felony offender statutes." The holding in *Butler* was based principally upon an opinion authored by Chief Judge Lippman in *People v Acevedo* (17 NY3d 297 [2011]), in which he and two other judges of the Court of Appeals concluded that, where a defendant moved for resentencing under *People v Sparber* (10 NY3d 457 [2008]) to correct an error—the omission of a period of PRS—which was in his favor, the Court would not permit this "tactic" to change the status of the crime for which he was resentenced as a predicate felony offense for a later conviction. Contrary to the conclusion reached in *Butler*, Chief Judge Lippman's opinion in *Acevedo* did not "implicitly reject[ ] the broader holding of [Judge Pigott's] concurring opinion, which would have found that predicate status cannot be affected by any PRS resentencing," whether it was initiated by the defendant or the government (*People v Butler*, 88 AD3d at 473). Rather, Chief Judge Lippman's opinion merely declined to decide the issue of whether the date of a *Sparber* resentence brought about at the initiative of the DOCCS or the People is the operative sentencing date for purposes of applying the predicate felony offender statutes (*see People v Acevedo*, 17 NY3d at

303). Moreover, since Chief Judge Lippman's opinion garnered three votes, neither the reasoning stated therein, as opposed to the result reached, nor the reasoning stated in the opinion authored by Judge Pigott, which also garnered three votes, constitutes binding precedent (*see generally Monsanto Co. v Spray-Rite Service Corp.*, 465 US 752 [1984]). Accordingly, the issue of whether the date of a *Sparber* resentencing initiated by the DOCCS or the People is the operative sentencing date for applying the predicate felony offender statutes is a matter of first impression in this Court.

In *People v Lingle* (16 NY3d 621, 634 [2011]), the Court of Appeals clarified that, although the *Sparber* decision, at one point, made reference to a vacatur of the original sentence, a resentencing proceeding conducted for the purpose of correcting a *"Sparber* error" is different from resentencing proceedings required to correct other errors. Indeed, after the decision in *Sparber*, the Legislature created a statute dedicated specifically to the correction of *Sparber* errors (*see* Correction Law § 601-d). The Court of Appeals observed that "a *Sparber* error 'amounts only to a *procedural error, akin to a misstatement or clerical error*, which the sentencing court [can] easily remedy' " (*People v Lingle*, 16 NY3d at 634, quoting *People v Sparber*, 10 NY3d at 472 [emphasis added]). The *Lingle* Court thus concluded that, when conducting a *Sparber* resentencing, the resentencing court does not have discretion to revisit the propriety of a defendant's sentence as a whole (*see People v Lingle*, 16 NY3d at 635). Accordingly, a *Sparber* resentencing merely corrects the "procedural error" committed with respect to the failure to pronounce PRS, and the incarceratory component of the defendant's sentence is not nullified by reason of such a resentencing. We are thus persuaded that the issue left open in Chief Judge Lippman's opinion in *Acevedo* should be resolved in accordance with the analysis set forth in Judge Pigott's opinion in *Acevedo* (*see People v Boyer*, 91 AD3d 1183, 1184-1185 [2012]). Consequently, we conclude that, in the special circumstance where a defendant is resentenced merely to correct a *Sparber* error, the operative sentencing date for the purposes of the predicate felony statutes remains the date of the original sentencing.

This holding is consistent with the purpose of the predicate felony offender statutes, which is "to deter recidivism by enhancing the punishments of those who, having been convicted of felonies, violate the norms of civil society and commit felonies again" (*People v Walker*, 81 NY2d 661, 665 [1993]; *see* Penal Law §§ 70.02, 70.04). There is no dispute here that the defendant was convicted and sentenced, prior to his 2008 attempted

burglary conviction, on a felony offense, and his resentencing on that offense due to a *Sparber* error did not call into question the propriety of the conviction or the incarceratory component of his sentence (*cf. People v Bell*, 73 NY2d 153, 165 [1989]). Therefore, viewing the operative date for the determination of the defendant's predicate felon status as the original sentence date furthers the purpose of the predicate felony offender statute.

Accordingly, we affirm the sentence imposed upon the defendant's conviction of two counts of attempted burglary in the second degree. Skelos, J.P., Balkin, Roman and Sgroi, JJ., concur.