THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EQUAN SANDERS, Respondent. [952 NYS2d 537]—

The court properly adjudicated defendant a second violent felony offender rather than a persistent violent felony offender.

Defendant's resentencing at the behest of the Division of Parole for the purpose of imposing a period of PRS on one of defendant's prior violent felony convictions occurred after he committed the instant offense. In this situation, the resentencing date controls whether the conviction meets the sequentiality requirement for sentencing as a persistent violent felony offender (*see People v Butler*, 88 AD3d 470 [1st Dept 2011], *lv denied* 18 NY3d 992 [2012]). Concur—Acosta, Renwick and Manzanet-Daniels, JJ.

Gonzalez, P.J., and Sweeny, J., concur in a separate memorandum by Sweeny, J., as follows: I am constrained by this Court's decision in *People v Butler* (88 AD3d 470 [1st Dept 2011], *lv denied* 18 NY3d 992 [2012]) to affirm. I write separately to voice my concern that this issue is not fully resolved. *Butler* is at odds with the Second Department case of *People v Naughton* (93 AD3d 809 [2d Dept 2012], *lv denied* 19 NY3d 865 [2012]). *Naughton* clearly holds, contrary to *Butler*, that it is irrelevant whether the defendant or the government brought the application for a resentence under *People v Sparber* (10 NY3d 457 [2008]) and that the original sentence date is always determinative as the predicate for persistent violent felony offender status.

It is apparent from these differing opinions that the decision in *People v Acevedo* (17 NY3d 297 [2011]) to which both *Butler* and *Naughton* refer, did not clarify this question. We look to the Court of Appeals for guidance on this crucial sentencing issue.