The court properly adjudicated defendant a second violent felony offender rather than a persistent violent felony offender. *576 Defendant’s resentencing at the behest of the Division of Parole for the purpose of imposing a period of PRS on one of defendant’s prior violent felony convictions occurred after he committed the instant offense. In this situation, the resentencing date controls whether the conviction meets the sequentiality requirement for sentencing as a persistent violent felony offender (see People v Butler, 88 AD3d 470 [1st Dept 2011], lv denied 18 NY3d 992 [2012]). Concur — Acosta, Renwick and Manzanet-Daniels, JJ.
Gonzalez, EJ., and Sweeny, J., concur in a separate memorandum by Sweeny, J., as follows: I am constrained by this Court’s decision in People v Butler (88 AD3d 470 [1st Dept 2011], lv denied 18 NY3d 992 [2012]) to affirm. I write separately to voice my concern that this issue is not fully resolved. Butler is at odds with the Second Department case of People v Naughton (93 AD3d 809 [2d Dept 2012], lv denied 19 NY3d 865 [2012]). Naughton clearly holds, contrary to Butler, that it is irrelevant whether the defendant or the government brought the application for a resentence under People v Sparber (10 NY3d 457 [2008]) and that the original sentence date is always determinative as the predicate for persistent violent felony offender status.
It is apparent from these differing opinions that the decision in People v Acevedo (17 NY3d 297 [2011]) to which both Butler and Naughton refer, did not clarify this question. We look to the Court of Appeals for guidance on this crucial sentencing issue.