*473 The court erred in granting defendant’s motion to set aside his sentence on the ground that his adjudication as a persistent violent felony offender was unlawful. “There is nothing in the Penal Law to indicate that a resentencing necessarily resets the controlling sentencing date for purposes of sequentiality” (People v Davis, 93 AD3d 524, 524 [1st Dept 2012], lv denied 19 NY3d 995 [2012]). This Court, citing People v Acevedo (17 NY3d 297 [2011]), has held that where a defendant’s resentencing was at the behest of the Division of Parole for purpose of imposing a period of postrelease supervision, the resentencing date controls whether a conviction meets the sequentiality requirement for sentencing as a persistent violent felony offender (see People v Butler, 88 AD3d 470 [1st Dept 2011], lv denied 18 NY3d 992 [2012]; see also People v Sanders, 99 AD3d 575 [2012]; but see People v Boyer, 91 AD3d 1183 [3d Dept 2012], lv granted 19 NY3d 1024 [2012]). However, this rule does not apply where, as here, the resentence was a nullity under People v Williams (14 NY3d 198 [2010], cert denied 562 US —, 131 S Ct 125 [2010]), and was thus ineffective to alter the relevant sentencing sequence (see Acevedo, 17 NY3d at 302 [opinion of Lippman, Ch. J.]). Accordingly, defendant was properly sentenced as a persistent violent felony offender at his original sentencing in March 2010. Concur — Andrias, J.P., Friedman, DeGrasse, Manzanet-Daniels and Gische, JJ.