Judgment of resentence, Supreme Court, New York County (Ruth Pickholz, J.), rendered September 23, 2011, resentencing defendant as a second violent felony offender, and bringing up for review an order of the same court and Justice, entered on or about May 16, 2011, which granted defendant’s CPL 440.20 motion to set aside his sentence as a persistent felony offender, and an order, entered on or about August 1, 2011, which, upon re-argument, adhered to the May 16, 2011 order, unanimously reversed, on the law, and the matter remanded to the sentencing court for proceedings to determine whether defendant may be adjudicated a persistent violent felony offender based on a 1999 conviction for robbery in the first degree. Appeal from the May 16, 2011 order unanimously dismissed as subsumed in the appeal from the judgment.
In granting defendant’s motion to set aside his sentence on the ground that his adjudication as a persistent violent felony offender was unlawful, the court erred in failing to consider the People’s alternative argument that defendant could be adjudicated a persistent violent felony offender based on a 1999 conviction for first-degree robbery. “There is nothing in the Penal Law to indicate that a resentencing necessarily resets the controlling sentencing date for purposes of sequentiality” (People v *582 Davis, 93 AD3d 524, 524 [1st Dept 2012], lv denied 19 NY3d 995 [2012]). This Court, citing People v Acevedo (17 NY3d 297 [2011] ), has held that where a defendant’s resentencing was at the behest of the Division of Parole for purpose of imposing a period of postrelease supervision, the resentencing date controls whether a conviction meets the sequentiality requirement for sentencing as a persistent violent felony offender (see People v Butler, 88 AD3d 470 [1st Dept 2011], lv denied 18 NY3d 992 [2012] ; see also People v Sanders, 99 AD3d 575 [2012]; but see People v Boyer, 91 AD3d 1183 [3d Dept 2012], lv granted 19 NY3d 1024 [2012]). However, this rule does not apply where, as here, the resentence was a nullity under People v Williams (14 NY3d 198 [2010], cert denied 562 US —, 131 S Ct 125 [2010]), and was thus ineffective to alter the relevant sentencing sequence (see Acevedo, 17 NY3d at 302 [Lippman, C.J.]). Concur—Andrias, J.P, Friedman, DeGrasse, Manzanet-Daniels and Gische, JJ.