[999 NE2d 1176, 977 NYS2d 731]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL BOYER, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EQUAN SANDERS, Respondent.

Argued October 17, 2013; decided November 14, 2013

## POINTS OF COUNSEL

*Davison Law Office, PLLC*, Canandaigua (*Mark C. Davison* of counsel), for appellant in the first above-entitled action. I. Daniel Boyer should not have been sentenced as a persistent violent felony offender because resentencing of a predicate conviction had been sought by Department of Corrections and Community Supervision after the commission of the offense for which he was sentenced. (*People v Quinones*, 12 NY3d 116; *People v Walker*, 81 NY2d 661; *People v Meckwood*, 20 NY3d 69;

*People v Morse*, 62 NY2d 205, *appeal dismissed sub nom. Vega v New York*, 469 US 1186; *People v Acevedo*, 17 NY3d 297; *People v Sparber*, 10 NY3d 457; *People v Butler*, 88 AD3d 470, 18 NY3d 992; *People v Naughton*, 93 AD3d 809, 19 NY3d 865; *People v Griffin*, 99 AD3d 720; *People v Bell*, 73 NY2d 153.) II. Because the trial court failed to advise Mr. Boyer that a direct consequence of his plea would be that his sentence would be consecutive to an undischarged sentence on a prior conviction, Mr. Boyer's plea cannot be deemed knowing, voluntary and intelligent, and Mr. Boyer must be given the opportunity to withdraw the plea. (*North Carolina v Alford*, 400 US 25; *Boykin v Alabama*, 395 US 238; *People v Bryant*, 180 AD2d 874; *People v Nixon*, 21 NY2d 338; *People v Harris*, 61 NY2d 9; *People v Gravino*, 14 NY3d 546; *People v Hill*, 9 NY3d 189, 553 US 1048; *People v Ford*, 86 NY2d 397; *People v Harnett*, 16 NY3d 200; *People v Bobo*, 41 AD3d 129.)

*P. David Soares, District Attorney*, Albany (*Steven M. Sharp* of counsel), for respondent in the first above-entitled action. I. The sentencing court properly adjudicated defendant as a persistent violent felony offender. (*People v Sparber*, 10 NY3d 457; *People v Morse*, 62 NY2d 205; *People v Acevedo*, 17 NY3d 297; *People v Lingle*, 16 NY3d 621; *People v Williams*, 14 NY3d 198.) II. Whether a negotiated sentence would run consecutive to an undischarged sentence is a collateral consequence of a plea. (*People v Hill*, 9 NY3d 189; *People v Ford*, 86 NY2d 397; *North Carolina v Alford*, 400 US 25; *People v Harris*, 61 NY2d 9; *People v Francis*, 38 NY2d 150; *People v Latham*, 90 NY2d 795; *People v Belliard*, 20 NY3d 381.)

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Dana Poole* and *Alan Gadlin* of counsel), for appellant in the second above-entitled action. Defendant should have been sentenced as a persistent violent felony offender because the date of sentence on a prior violent felony offense was not reset by a *Sparber* proceeding held in that matter. (*People v Morse*, 62 NY2d 205; *People v Sparber*, 10 NY3d 457; *People v Acevedo*, 17 NY3d 297; *People v Samms*, 95 NY2d 52; *People v Lingle*, 16 NY3d 621; *People v Griffin*, 99 AD3d 720; *People v Naughton*, 93 AD3d 809; *People v Bell*, 138 AD2d 298, 73 NY2d 153; *People v Ashley*, 71 AD3d 1286, 16 NY3d 725; *People v Kuey*, 83 NY2d 278.)

*Steven Banks, Legal Aid Society, Criminal Appeals Bureau*, New York City (*Elon Harpaz* of counsel), for respondent in the second above-entitled action. The First Department correctly

ruled that Equan Sanders could not be adjudicated a persistent violent felony offender where, after committing the crime at issue in this case, he was resentenced in a Correction Law § 601-d proceeding on one of the two prior convictions the People sought to use for sentence enhancement purposes. (*People v Williams*, 14 NY3d 198; *People v Sparber*, 10 NY3d 457; *Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d 358; *People v Boyd*, 12 NY3d 390; *People v Butler*, 88 AD3d 470, 18 NY3d 992; *People v Lingle*, 16 NY3d 621; *People v Catu*, 4 NY3d 242; *People v Acevedo*, 17 NY3d 297; *Matter of Lockett v Juviler*, 65 NY2d 182; *Matter of Lyons v Goldstein*, 290 NY 19.)

## OPINION OF THE COURT

ABDUS-SALAAM, J.

The primary issue before us is whether, for purposes of determining the sequentiality of a defendant's current and prior convictions under New York's sentence enhancement statutes, the controlling date of sentence for the defendant's prior conviction is the original date of sentence for that conviction or the date of a later resentencing which rectifies the flawed imposition of postrelease supervision (PRS) in accordance with our decision in *People v Sparber* (10 NY3d 457 [2008]). We hold that, in this context, the date of sentence for a defendant's prior conviction is the original date on which the defendant received a lawful prison term upon a valid conviction for that prior crime, regardless of whether the defendant or the government seeks resentencing on that conviction to correct the error described in *Sparber*. Therefore, at sentencing for a more recent crime, the defendant's prior conviction qualifies as a predicate felony conviction if the original date of sentence precedes the commission of the present offense.

I

*People v Boyer*

Prior to 2008, defendant Daniel Boyer had several felony convictions. In his most recent prior felony case, defendant received a valid conviction for attempted burglary in the second degree in 2002, and after further proceedings not relevant to his present appeal, defendant was sentenced on that conviction to a lawful determinate prison term in 2005. Upon the imposition of that sentence, the trial court did not pronounce a mandatory PRS term (*see* Penal Law § 70.45 [1]), though a five-year PRS term was entered on the commitment order.

Defendant completed his prison term and started to serve a period of PRS in 2008. However, shortly after his release to PRS, defendant was arrested for committing a new burglary, and he was indicted on charges of grand larceny in the fourth degree and burglary in the second degree. Defendant entered a negotiated guilty plea to attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]) in exchange for a promised indeterminate prison term of from 13½ years to life. On February 18, 2009, the court adjudicated defendant a persistent violent felony offender based in part on defendant's 2002 conviction, and the court imposed the promised sentence.

Thereafter, the Department of Corrections and Community Supervision (DOCCS) notified the trial court that the court had to resentence defendant for his 2002 conviction pursuant to Correction Law § 601-d by either pronouncing a term of PRS or excising PRS from defendant's sentence upon consent of the People.[1] In November 2009, upon receiving the People's consent, the court resentenced defendant on his 2002 conviction by maintaining his original prison term and declining to add a PRS term to his sentence (*see* Penal Law § 70.85).[2]

On November 24, 2009, defendant moved to vacate his sentence for his 2009 conviction. Defendant pointed out that, under Penal Law § 70.04 (1) (b) (ii), a prior conviction does not qualify as a predicate felony conviction that can enhance a defendant's sentence unless the sentence for the prior conviction was "imposed before commission of the present felony." Citing this sequentiality requirement, defendant maintained that the 2009 resentencing on his 2002 conviction shifted the date of sentence for the 2002 conviction to the date of resentence, such

---

**1.** Correction Law § 601-d provides that, whenever DOCCS determines that the trial court did not pronounce a defendant's term of PRS at sentencing, DOCCS must notify the court of that fact, and once the court receives such notification from DOCCS, the court must hold a resentencing proceeding as outlined in *Sparber* (*see* Correction Law § 601-d [1], [2], [3]). At that resentencing, the court must either pronounce a term of PRS or, upon consent of the People, omit the PRS term from the defendant's sentence and reimpose the original determinate prison term without PRS (*see* Correction Law § 601-d [3], [4]; Penal Law § 70.85).

**2.** Penal Law § 70.85 states,

"[F]or consideration of whether to resentence [pursuant to Correction Law § 601-d], the court may, notwithstanding any other provision of law but only on consent of the district attorney, reimpose the originally imposed determinate sentence of imprisonment without any term of post-release supervision, which then shall be deemed a lawful sentence."

that the sentence for his 2002 conviction was not imposed until after his commission of his current felony in 2008. Thus, defendant argued, his 2002 conviction no longer qualified as a predicate felony conviction, and the court had to vacate his persistent violent felony offender adjudication and resentence him as a second felony offender. The court denied defendant's motion to vacate his sentence. Defendant appealed.

The Appellate Division affirmed the judgment of conviction and sentence, as well as the trial court's order denying defendant's motion to vacate his sentence. The Appellate Division held that "the original sentencing date on the prior conviction—as opposed to the resentencing date—controls in determining whether the prior conviction may be considered as a predicate in sentencing for subsequent crimes, and defendant's CPL 440.20 motion was properly denied" (*People v Boyer*, 91 AD3d 1183, 1185 [3d Dept 2012]). A Judge of this Court granted defendant leave to appeal (*see* 19 NY3d 1024 [2012]), and we now affirm.

### *People v Sanders*

Before 2007, defendant Equan Sanders had two felony convictions. In 2002, defendant was sentenced to a lawful determinate prison term for his most recent prior felony conviction for attempted criminal possession of a weapon in the third degree. The sentencing court did not pronounce the mandatory PRS component of defendant's sentence. Defendant served his prison term and was released to an administratively imposed term of PRS under the supervision of the Division of Parole (DOP).

About a month later, in July 2007, defendant was arrested and indicted on two counts of criminal possession of a weapon in the second degree stemming from an incident in New York County. Defendant absconded and, about 10 months later, was involuntarily returned to New York County after his arrest in another county on unrelated charges. On July 31, 2008, DOP notified the sentencing court for defendant's 2002 conviction that it was required to resentence defendant on that conviction to the extent of either eliminating his PRS term upon consent of the People or orally pronouncing a term of PRS. The court resentenced defendant on his 2002 conviction by maintaining the original prison term and striking the PRS term from his sentence with the People's consent.

About a year later, defendant and the People were engaged in plea negotiations with respect to the present crime committed

in 2007, and the parties asked the court to specify in advance whether it would sentence defendant as a second violent felony offender or a persistent violent felony offender. Defendant argued that he was a second violent felony offender because the resentencing on his 2002 conviction caused the date of sentence for that conviction to occur after his commission of the instant crime, thus disqualifying his 2002 conviction from serving as the predicate for an enhanced sentence for his current crime under Penal Law § 70.04 (1) (b) (ii). The People responded that defendant was a persistent violent felony offender because the original date of sentence for his 2002 conviction preceded his commission of the instant crime. The court initially ruled that, if defendant pleaded guilty, he would be sentenced, as a persistent violent felony offender, to a prison term of 12 years to life because the original date of sentence for his 2002 conviction controlled for purposes of sentence enhancement. Defendant pleaded guilty with that understanding.

While defendant was awaiting sentencing, the Appellate Division, First Department issued its decision in *People v Acevedo*, wherein the Appellate Division determined that a resentencing to correct a trial court's failure to orally pronounce PRS at the original sentencing on a prior conviction automatically resets the date of sentence for the prior conviction under the sentence enhancement statutes (*see People v Acevedo*, 75 AD3d 255, 258-260 [1st Dept 2010], *revd* 17 NY3d 297 [2011]). Consequently, at sentencing in this case, the court effectively reversed its previous determination and adjudicated defendant a second violent felony offender, reasoning that, under the First Department's *Acevedo* decision, the resentencing on defendant's 2002 conviction reset the date of sentence for that conviction and precluded its use as a predicate felony conviction. The court sentenced defendant, as a second violent felony offender, to a seven-year determinate prison term, to be followed by five years of PRS. The People appealed the judgment of conviction and sentence. In the interim, we reversed the First Department's decision in *Acevedo* (*see Acevedo*, 17 NY3d at 302-305).

The Appellate Division affirmed the judgment of conviction and sentence (*see People v Sanders*, 99 AD3d 575, 575-576 [1st Dept 2012]). Noting that defendant's resentence had been imposed after his commission of the current offense, the court held that, "[i]n this situation, the resentencing date controls whether the conviction meets the sequentiality requirement for sentencing as a persistent violent felony offender" (*id.* at 576).

The court cited *People v Butler* (88 AD3d 470 [1st Dept 2011]), wherein the court had held that "where, in the normal course, the government seeks resentencing of a prior conviction and the sentence is vacated for failure to pronounce a term of PRS[,] the resentencing date should be considered in determining whether the prior conviction meets the sequentiality requirement of the predicate felony offender statutes" (*Butler*, 88 AD3d at 473).

In a concurring opinion, Justice Sweeny, joined by Justice Gonzalez, stated that he felt constrained by *Butler* to affirm the sentencing court's decision (*see Sanders*, 99 AD3d at 576 [Sweeny, J., concurring]). Justice Sweeny noted, however, that the Second Department had concluded that "it is irrelevant whether the defendant or the government brought the application for a resentence" under *Sparber* and that "the original sentence date is always determinative as the predicate for persistent violent felony offender status" (*id.*). Given that this Court's decision in *Acevedo* "did not clarify this question," Justice Sweeny "look[ed] to the Court of Appeals for guidance on this crucial sentencing issue" (*id.*). Justice Sweeny granted the People leave to appeal (2012 NY Slip Op 94666[U] [2012]), and we now reverse.

## II

In both cases, the People contend that, because the court at a resentencing pursuant to *Sparber* and Correction Law § 601-d merely corrects its prior clerical error in failing to pronounce a term of PRS and does not otherwise disturb the defendant's sentence or conviction, a *Sparber* resentencing does not alter the sequentiality of the defendant's conviction in relation to any subsequently committed crime for purposes of the sentence enhancement statutes.

Defendants respond that, at a *Sparber* resentencing, the court vacates the defendant's prior illegal sentence and replaces it with a lawful sentence that includes PRS. Furthermore, in defendants' view, because PRS is an inseparable component of the defendant's sentence, the *Sparber* resentencing necessarily vacates the defendant's entire original unlawful sentence and replaces it with a completely new lawful sentence, thus resetting the date of all components of the defendant's sentence. And so, the argument goes, if the defendant commits another crime after the original sentence date for his or her prior conviction but before the *Sparber* resentencing on the prior conviction, the

prior conviction cannot serve as a predicate for an enhanced sentence for the new crime because the new offense was committed before the date of resentence for the prior conviction. Our precedent compels us to reject defendants' arguments and conclude that the controlling date of sentence for a defendant's prior conviction is the original date on which the defendant received a lawful prison term pursuant to a valid conviction for that prior crime.

In *Sparber*, the defendants did not receive oral pronouncement of their mandatory PRS terms at sentencing, and they asked us to remedy that error by vacating any PRS terms that were not properly pronounced (*see Sparber*, 10 NY3d at 471). We rejected the defendants' request for such broad relief. Instead, we provided the defendants with the modest remedy of a resentencing meant solely to correct the discrete "procedural error, akin to a misstatement or clerical error," occasioned by a sentencing judge's failure to orally pronounce a term of PRS (*id.* at 472). In applying this remedy to the defendants' sentences in *Sparber*, we made a passing statement that we were "vacat[ing]" the defendants' original sentences (*id.* at 471).

However, in *People v Lingle* (16 NY3d 621 [2011]), we clarified that a vacatur of a defendant's entire original sentence "is clearly not what we meant" by including the term "vacate" in our *Sparber* decision (*id.* at 634). In fact, in *Lingle*, we held that, because "resentencing to set right the flawed imposition of PRS at the original sentencing is not a plenary proceeding" but rather a discrete proceeding designed to correct the *"clerical error"* at issue in *Sparber*, a *Sparber* resentencing "is limited to remedying this specific procedural error" and does not permit the resentencing court to alter the defendant's prison term or otherwise change any aspect of his or her sentence (*id.* at 634-635). Thus, taken together, *Sparber* and *Lingle* clearly establish that a resentencing to correct the flawed imposition of PRS does not vacate the original sentence and replace it with an entirely new sentence, but instead merely corrects a clerical error and leaves the original sentence, along with the date of that sentence, undisturbed.

Applying that premise in *People v Acevedo*, we considered the interplay between a *Sparber* resentencing on a defendant's prior conviction and the recidivist sentencing laws' sequentiality requirement (*see* Penal Law §§ 70.04 [1] [b] [ii]; 70.06 [1] [b] [ii]; 70.10 [1] [b] [ii]). An overwhelming majority of six Judges of this Court agreed that a *Sparber* resentencing does not

automatically reset the date of sentence for a prior conviction and thereby disable that conviction's use as a predicate felony conviction. Three of those Judges concluded that, because the defendants had initiated resentencing purely as a contrivance to prevent the courts below from using their prior convictions as predicates to enhance the sentences for their current convictions, defendants' impermissible gamesmanship could not thwart otherwise valid predicate felony offender adjudications by resetting the dates of their sentences for their prior convictions (*see Acevedo*, 17 NY3d at 302-303 [Lippman, Ch. J.]). Those Judges left open the question of whether a *Sparber* resentencing initiated by the State could alter the sequentiality of a prior conviction for sentence enhancement purposes (*see id.* at 303). The three other Judges in the majority would have found that, regardless of whether the State or the defendant initiates resentencing, the *Sparber* resentencing on the defendant's prior conviction does not reset the date of sentence "because the resentencing court[ ] lack[s] the power to reconsider either the conviction or the incarceration component of the original sentence," thereby leaving the original sentence and the date thereof essentially unchanged (*id.* at 305 [Pigott, J., concurring]).

In this case, we must decide the question left open by *Acevedo*, namely whether a *Sparber* resentencing initiated by the State, as opposed to the defendant, resets the date of sentence for a felony conviction such that it may no longer serve as a predicate felony conviction in relation to a subsequently committed crime. Under *Sparber* and *Lingle*, the answer must be that, regardless of which party commences the proceeding, a *Sparber* resentencing cannot alter the original date of sentence. Given that the resentencing court cannot disturb the defendant's prison sentence for the prior conviction, the original sentence is not a legal nullity vacated by the pronouncement of PRS. Rather, the conviction and sentence imposed on the original sentence date still stand, and the sentence is simply modified to the limited extent of pronouncing the PRS term required by law. In other words, irrespective of any "resentence" pursuant to *Sparber*, the original "[s]entence" for "such prior conviction" remains valid, and that original sentence was "imposed before commission of the present felony," thereby qualifying the prior conviction as a predicate felony conviction for purposes of

sentencing on the current crime (Penal Law § 70.04 [1] [b] [ii]; *see also* Penal Law §§ 70.06 [1] [b] [ii]; 70.10 [1] [b] [ii]).[3]

Importantly, the rule that the original sentence date controls for purposes of a conviction's qualification as a predicate felony conviction serves the public policy underlying the recidivist sentencing statutes. As we have previously observed, those laws are meant to enhance sentences for defendants who refuse to reform after receiving a valid conviction for a crime and hearing the court pronounce sentence (*see People v Morse*, 62 NY2d 205, 222 [1984]). Under this rationale, a defendant who was sentenced for a prior conviction and then commits a new crime plainly deserves enhanced punishment for the new crime because the defendant remains unchastened after the court's pronouncement of the sentence for the prior conviction, and the defendant's heightened culpability cannot be mitigated in any way by a subsequent *Sparber* resentencing. Under those circumstances, it would make no sense to set the date of sentence for the defendant's prior conviction to the date of the *Sparber* resentencing and thereby prevent the court from enhancing the defendant's sentence for the current crime.

Moreover, in the sentence enhancement context, a rule premised on the original date of sentence for a prior conviction promotes clarity and fairness. Under this bright-line rule, the defendant and the People alike can easily discern the date of sentence for a prior conviction and know with certainty whether the conviction can serve to enhance the defendant's sentence. Additionally, the rule is fair because it does not favor one party over the other. The People will not be able to rely on the later date of resentence to bring an otherwise ineligible decades-old conviction within the 10-year look-back period for predicate felony offender adjudication under Penal Law § 70.04 (1) (b) (iv), and the defendant will not be able to avoid a well-deserved sentence enhancement by claiming that the *Sparber* resentencing upset the sequentiality of his or her predicate felony conviction. Both sides will have to abide by a clear, even-handed rule.

██ ██ Under this framework, both defendants here should have been sentenced as persistent violent felony offenders because the dates of sentence for their prior convictions were not reset by *Sparber* resentencings on those convictions, and

---

**3.** In reaching this conclusion regarding the significance of a *Sparber* resentencing under the sequentiality requirement for recidivist sentencing, we do not opine on the relationship between the recidivist sentencing statutes and any other form of resentencing.

therefore those convictions were valid predicate felony convictions that could be used to sentence defendants as persistent violent felony offenders for their current crimes. Thus, County Court in *Boyer* properly sentenced defendant as a persistent violent felony offender, whereas Supreme Court in *Sanders* erred in refusing to do the same.

Finally, we reject defendant Boyer's challenge to the validity of his guilty plea based on the court's failure to inform him that his sentence would run consecutively to a prior undischarged term (*see People v Belliard*, 20 NY3d 381, 388 [2013]).

Accordingly, in *People v Boyer*, the order of the Appellate Division should be affirmed. In *People v Sanders*, the order of the Appellate Division should be reversed and the matter remitted to Supreme Court for resentencing in accordance with this opinion.

RIVERA, J. (dissenting). The majority interprets our law to permit the government to rely on a sentence that is illegal under *People v Sparber* (10 NY3d 457 [2008]) for purposes of the sequentiality requirement in New York's sentencing enhancement statutes. In doing so, the majority gives legal significance to an unlawful sentence where such sentence is obviated by a statutorily prescribed resentencing process. This is an untenable interpretation of the law. I dissent.

The majority reads *Sparber* and *People v Lingle* (16 NY3d 621 [2011]) as compelling its conclusion that "a resentencing to correct the flawed imposition of PRS does not vacate the original sentence and replace it with an entirely new sentence, but instead merely corrects a clerical error and leaves the original sentence, along with the date of that sentence, undisturbed" (majority op at 24). This conclusion is incorrect and unsupported by our precedent.

We have previously stated that a sentence with a "flawed imposition of PRS" is an illegal sentence (*People v Brinson*, 21 NY3d 490, 495-496 [2013]; *Lingle*, 16 NY3d at 630; *People v Williams*, 14 NY3d 198, 206, 217 [2010]; *Sparber*, 10 NY3d at 469-471). The proper cure for this defect is for a court to resentence the defendant and impose all the elements of the punishment mandated by law (*Sparber*, 10 NY3d at 469-470). As we stated in *Sparber*, "[t]he sole remedy for a procedural error [such as failing to pronounce a mandatory term of PRS] is to vacate the sentence and remit for a resentencing hearing" (*id.* at 471).

Two statutory procedures provide for resentencing to address these *Sparber* errors. Correction Law § 601-d provides a procedural vehicle for the Department of Corrections and Community Supervision to commence a resentencing hearing (*see People v Velez*, 19 NY3d 642, 645-646 [2012]; *People v Acevedo*, 17 NY3d 297, 303 [2011]; *Williams*, 14 NY3d at 207-208). Under Penal Law § 70.85, a court may resentence a defendant, with the People's consent, to a determinate sentence without PRS, which "shall be deemed a lawful sentence" (Penal Law § 70.85). In either case, a court replaces an illegal sentence with a sentence that is in compliance with New York's criminal laws. As we stated in *People v Acevedo* (17 NY3d 297, 303 [2011]), *Sparber* resentencing ensures "that a sentence in connection with which PRS is required will in fact *legally impose* that prescribed element of punishment" (*id.* [emphasis added]).

Rather than accept that we meant what we said when we concluded that failure to impose PRS results in an illegal sentence which is cured by vacating the sentence and resentencing the defendant, the majority concludes that the illegal sentence retains a certain validity and may be considered for sequentiality purposes under the sentencing enhancement statutes. This is so, according to the majority, because the underlying illegality is clerical in nature and can be cured in a non-plenary proceeding (majority op at 24). Whether we call it a "clerical error" or a "procedural error," the failure to impose PRS rendered the original sentence illegal (*see Williams*, 14 NY3d at 217). There is no way around this conclusion, just as there is no way of avoiding that the method by which this error is cured cannot retroactively make an illegal sentence into a valid one.

Our decisions in *Sparber* and *Lingle* do not ignore the fundamental sentencing structure of our criminal law, which recognizes that there can be only one lawful sentence imposed for a conviction (*United States v DiFrancesco*, 449 US 117, 129 [1980]; *People v Biggs*, 1 NY3d 225, 228-229 [2003]). It follows that a court corrects an illegal sentence by vacating that sentence and imposing a new one, not superimposing a second, simultaneous sentence over the first.

The majority's policy arguments in support of its decision are also unpersuasive. While the policy behind enhancing punishment for certain recidivist offenders is significant, the sentencing enhancement statutes can only apply to sentences that conform with the Penal Law, not to illegal sentences. The Penal

Law does not impose piecemeal sentences, and no provision permits or otherwise acknowledges what the majority allows: an opportunity for the People to relate a lawful sentence back to an unlawful one for purposes of sequencing an enhanced sentence.

The majority states its preference for a bright-line rule, which will promote clarity and fairness, but there is no logical basis for finding that the majority's rule is preferable, or any better at promoting a definite answer to the question posed by these appeals. The original unlawful sentence date and the resentencing date are equally easy to determine. A rule that recognizes that the lawful sentence is the one imposed in accordance with all of the statutory elements of the Penal Law, and that only a lawful sentence counts under the enhancement statutes, is just as clear, if not clearer, as one that draws the line at the date when the court imposed the unlawful sentence. Certainly, if we are to pronounce a rule, it should be grounded in a sentence intended to meet all the legal requirements, not one that is statutorily defective.

I would reverse the Appellate Division's order in *Boyer* and affirm in *Sanders*.

Judges GRAFFEO, READ, SMITH and PIGOTT concur with Judge ABDUS-SALAAM; Judge RIVERA dissents and votes to reverse in an opinion in which Chief Judge LIPPMAN concurs.

In *People v Boyer*: Order affirmed.

Judges GRAFFEO, READ, SMITH and PIGOTT concur with Judge ABDUS-SALAAM; Judge RIVERA dissents and votes to reverse in an opinion in which Chief Judge LIPPMAN concurs.

In *People v Sanders*: Order reversed and case remitted to Supreme Court, New York County, for resentencing.