■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TERRANCE WOOD, Respondent. [976 NYS2d 879]—

Judgment of resentence, Supreme Court, Bronx County (Michael A. Gross, J.), rendered September 28, 2012, resentencing defendant to a term of 13 years plus five years' postrelease supervision, and bringing up for review an order of the same court and Justice, entered on or about June 1, 2012, which granted defendant's CPL 440.20 motion to set aside his sentence as a second violent felony offender and directed that he be resentenced as a first violent felony offender, and an order, entered on or about July 23, 2012, which, upon reargument, adhered to the June 1, 2012 order, unanimously reversed, on the law, the motion denied, and the matter remanded for resentencing.

Pursuant to *People v Boyer* (22 NY3d 15 [2013]), the original date of a conviction is controlling for purposes of determining the sequence of current and prior convictions, not the date of resentencing to correct the error identified in *People v Sparber* (10 NY3d 457 [2008]). Because the date defendant received a lawful sentence on a valid conviction for criminal possession of a weapon in the third degree precedes the date of conviction for the instant offense, it qualifies as a prior felony conviction. Concur—Tom, J.P., Andrias, Friedman, Freedman and Clark, JJ.