Judgment of resentence, Supreme Court, Bronx County (Patricia Anne Williams, J.), rendered August 14, 2012, resentencing defendant to a term of five years, and bringing up for review an order, same court and Justice, entered June 13, 2012, which granted defendant’s CPL 440.20 motion to set aside his sentence as a second violent felony offender and directed that defendant be resentenced as a first violent felony offender, and order, same court and Justice, entered on or about July 11, 2012, which, upon reargument, adhered to the June 13, 2012 order, unanimously reversed, on the law, the judgment of resentence vacated, and the original sentence, rendered June 22, 2004, wherein defendant was adjudicated a second violent felony offender and a determinate term of five years along with five years’ postrelease supervision, reinstated.
In light of the Court of Appeals’ recent decision in People v Boyer (22 NY3d 15 [2013]), we find that defendant was not entitled to relief under CPL 440.20 from his original sentencing as a second violent felony offender since the resentencing proceeding to correct the failure to impose postrelease supervision does not alter the original date of sentence. Here, defendant was sentenced to a term of 3x/2 years on February 20, 2001 upon a plea of guilty to robbery in the second degree. No term of postrelease supervision was imposed, and none was indicated in the sentence and commitment sheet. On May 26, 2004, defendant pleaded guilty to attempted robbery in the second degree. He was sentenced on June 22, 2004, and adjudicated a *613 second violent felony offender based on the 2001 conviction for robbery in the second degree. On December 14, 2009, defendant was resentenced on his 2001 felony conviction.
In Boyer, the Court of Appeals explained as follows: “[A] resentencing to correct the flawed imposition of PRS does not vacate the original sentence and replace it with an entirely new sentence, but instead merely corrects a clerical error and leaves the original sentence, along with the date of that sentence, undisturbed” {id. at 24). Given this determination, we find that, notwithstanding the resentencing on December 14, 2009, defendant’s 2001 violent felony conviction qualifies as a predicate felony conviction at the time of his sentencing on June 22, 2004, which requires the imposition of second felony offender status.
Concur — Sweeny, J.E, Acosta, Andrias, Saxe and Clark, JJ.