■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL BYRON, Appellant. [997 NYS2d 906]—

Appeal by the defendant from a resentence of the Supreme Court, Queens County (McGann, J.), imposed May 31, 2012, upon his conviction of rape in the first degree, upon a jury verdict, the resentence being five years of postrelease supervision in addition to a determinate term of imprisonment previously imposed by the same court on March 12, 2001.

Ordered that the resentence is affirmed.

The defendant's resentencing to a term that included the statutorily required period of postrelease supervision did not subject him to double jeopardy or violate his right to due process of law (*see People v Lingle,* 16 NY3d 621 [2011]; *People v Ravenell,* 120 AD3d 516, 517 [2014]; *People v Nova,* 116 AD3d 445, 445 [2014]). The defendant's contention regarding his adjudication as a second violent felony offender was not properly before the court at the resentencing, which was limited to the imposition of the period of postrelease supervision (*see People v Boyer,* 22 NY3d 15, 24 [2013]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Balkin, J.P., Cohen, Duffy and LaSalle, JJ., concur.