■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYANT K. HALL, Appellant. [998 NYS2d 658]—

Appeal by the defendant from a second resentence of the County Court, Suffolk County (Braslow, J.), imposed December 10, 2012, upon his convictions of burglary in the first degree, rape in the first degree (two counts), attempted murder in the second degree, robbery in the second degree, and assault in the

second degree, upon his plea of guilty, the second resentence being a period of postrelease supervision of three years upon the conviction of assault in the second degree in addition to the determinate term of imprisonment previously imposed by the same court on May 24, 2002.

Ordered that the second resentence is affirmed.

Contrary to the defendant's contention, his resentence to correct an error in the period of postrelease supervision imposed upon the conviction of assault in the second degree was proper. The defendant was subject to postrelease supervision and, thus, had a right under CPL 380.20 and 380.40 to have a judge pronounce the sentence of postrelease supervision in his presence in open court. The County Court failed to pronounce the sentence of postrelease supervision at the original sentencing. The remedy was resentencing to correct the error (*see People v Lingle*, 16 NY3d 621, 629 [2011]; *People v Sparber*, 10 NY3d 457, 471 [2008]). The defendant was resentenced on January 17, 2006, to impose a period of postrelease supervision. He was again resentenced on December 10, 2012, to correct the duration of the period of postrelease supervision from five years to three years.

A resentencing to correct the flawed imposition of postrelease supervision does not vacate the original sentence and replace it with an entirely new sentence, but instead merely corrects a clerical error and leaves the original sentence undisturbed (*see People v Boyer*, 22 NY3d 15, 24 [2013]; *People v Miller*, 118 AD3d 1463 [2014]; *People v Gathor*, 115 AD3d 612, 613 [2014]). Thus, contrary to the defendant's contention, it was not necessary for the County Court to resentence the defendant on each conviction on December 10, 2012, when the court only needed to correct an error in the term of postrelease supervision imposed upon one conviction.

The defendant's remaining contention is without merit. Rivera, J.P., Hall, Austin and Cohen, JJ., concur.