# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**233**
**KA 12-00585**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JIMMY VELASQUEZ, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

JIMMY VELASQUEZ, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------------

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), entered February 1, 2012. The order denied defendant's motion pursuant to CPL 440.20 to set aside his sentence.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: In this postconviction proceeding, defendant appeals from an order denying his motion to set aside his sentence pursuant to CPL 440.20. The challenged sentence was imposed in 2007, after defendant pleaded guilty to attempted burglary in the second degree. On that offense, Supreme Court sentenced defendant as a persistent violent felony offender to an indeterminate term of imprisonment of 12 years to life. One of the two predicate offenses was entered in 1999. In 2010, pursuant to Penal Law § 70.85, defendant was resentenced on that predicate offense because his initial sentence did not include a term of postrelease supervision. In the instant motion, defendant asserted that, because the sentence on the 1999 judgment was vacated in 2010, it could not serve as a predicate offense in 2007 for the determination that he was a persistent violent felony offender. Supreme Court denied the motion, and we now affirm.

After we granted defendant leave to appeal herein, the Court of Appeals expressly stated that "a resentencing to correct the flawed imposition of PRS does not vacate the original sentence and replace it with an entirely new sentence, but instead merely corrects a clerical error and leaves the original sentence, along with the date of that sentence, undisturbed" (*People v Boyer*, 22 NY3d 15, 24; *see People v*

*Hall*, 124 AD3d 795, 796; *People v Miller*, 118 AD3d 1463, 1464, *lv denied* 24 NY3d 1003).  Because defendant was lawfully sentenced on the predicate offense in question before he was convicted of the offense for which he was sentenced as a persistent violent felony offender, "it qualifies as a prior [violent] felony conviction" (*People v Wood*, 115 AD3d 613, 613, *lv denied* 22 NY3d 1204).  We thus conclude that the court properly denied defendant's motion.

We have reviewed defendant's remaining contentions, including the contention set forth in his pro se supplemental brief, and conclude that they lack merit.

Entered:  March 27, 2015                          Frances E. Cafarell
                                                  Clerk of the Court