People v Gomez (2025 NY Slip Op 00063)

People v Gomez

2025 NY Slip Op 00063

Decided on January 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 07, 2025

Before: Webber, J.P., Friedman, Mendez, Shulman, Rodriguez, JJ. 

Ind. No. 2090/12 Appeal No. 3420 Case No. 2016-1852 

[*1]The People of the State of New York, Respondent,
v
Pedro Gomez, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Elon Harpaz of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Saad Siddiqui of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Margaret L. Clancy, J.), rendered February 17, 2015, convicting defendant, upon his plea of guilty, of three counts of robbery in the first degree and one count of robbery in the third degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 20 years to life, unanimously affirmed.
After defendant was sentenced as a second violent felony offender for his second violent felony conviction, he was resentenced for his first violent felony conviction to correct an erroneous imposition of postrelease supervision. He then successfully sought resentencing as a first-time violent felony offender for his second conviction under People v Butler (88 AD3d 470 [1st Dept 2011], abrogated by People v Boyer, 22 NY3d 15 [2013]). After his third violent felony conviction, the instant conviction, the court initially sentenced him as a second violent felony offender, applying Butler. However, after the Court of Appeals decided People v Boyer, which held that "the date of sentence for a defendant's prior conviction is the original date on which the defendant received a lawful prison term upon a valid conviction for that prior crime, regardless of whether the defendant or the government seeks resentencing on that conviction to correct" a flawed imposition of postrelease supervision (22 NY3d 15, 19 [2013]), the court granted the People's CPL 440.40 motion to set aside defendant's third sentence. After defendant replead to the crimes, the court sentenced him as a persistent violent felony offender.
"[S]ince defendant stood convicted of a violent felony," at his most recent resentencing, "had been previously convicted of two violent felony offenses in that he had committed the second violent felony offense after he had been sentenced for his first one, and had committed his third violent felony offense after he had been sentenced for the first two, he was properly sentenced as a persistent violent felony offender" (People v Carr, 244 AD2d 264, 264 [1st Dept 1997], lv denied 91 NY2d 889 [1998]).
Contrary to defendant's contention, the fact that he was resentenced as a first-time violent felony offender for his second conviction does not disrupt the sequentiality required for persistent violent felony offender sentencing. As this Court has held, "neither People v Morse (62 NY2d 205) nor Penal Law § 70.08 require[s] that a defendant be adjudicated a second violent felony offender in order to be sentenced as a persistent violent felony offender for his third violent felony conviction" (People v Carr, 244 AD2d at 264). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2025