*440 Defendant’s original sentence in 2001 unlawfully omitted postrelease supervision. The sentencing court corrected that defect in 2008 by adding a period of postrelease supervision (PRS) to the sentence. At the time of the resentencing, defendant had been released from prison but was still on conditional release. The maximum expiration date of defendant’s sentence was in 2009.
On March 31, 2010, defendant moved, pursuant to CPL 440.20 (1), to vacate the term of PRS because he was not in prison, but was on conditional release, at the time of the resentencing. When the motion was made, the Court of Appeals had not decided People v Lingle (16 NY3d 621 [2011]). In the order on appeal, the motion court vacated the term of PRS, concluding that the resentencing violated defendant’s right against double jeopardy under People v Williams (14 NY3d 198 [2010], cert denied 562 US —, 131 S Ct 125 [2010]), and then resentenced defendant without the PRS term.
The People correctly note this was error because defendant was still on conditional release at the time of the resentencing (see Lingle, 16 NY3d at 631 n 1). Although the People request reinstatement of the 2008 resentence, a term of PRS cannot now be added because the maximum expiration date of defendant’s sentence has passed. To add this term to his sentence would violate his legitimate expectation of finality in his sentence, which has been fully served (Williams, 14 NY3d at 217). In People v Velez (19 NY3d 642, 649-650 [2012]), the Court of Appeals reiterated this rule, rejecting the People’s argument that a different rule should apply where the resentencing proceeding had commenced before defendant’s original sentence expired but could not be completed until after the expiration date.
Here, the People contend that because defendant’s 2008 resentence, which appropriately included a term of PRS, was imposed before his maximum expiration date, we can now reimpose that sentence even though his sentence has been fully served. This argument ignores the language of both Williams and Velez that “ ‘once the initial sentence has been served . . . *441 an additional term of PRS may not be imposed’ ” (Velez, 19 NY3d at 650, quoting Williams, 14 NY3d at 217).
Defendant has a reasonable expectation of finality in his sentence, and a term of PRS cannot now be added because the maximum expiration date of his sentence passed several years ago. As in People v Allen (88 AD3d 735, 736 [2011]), “the relief sought by the People is beyond this Court’s power to grant,” and thus the appeal must be dismissed as academic. Concur— Tom, J.P, Catterson, DeGrasse, Richter and Manzanet-Daniels, JJ.