[9 NE3d 881, 986 NYS2d 386]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANGEL CINTRON, Respondent.

Argued February 11, 2014; decided March 27, 2014

## POINTS OF COUNSEL

*Robert T. Johnson, District Attorney*, Bronx (*Justin J. Braun* and *Joseph N. Ferdenzi* of counsel), for appellant. The Appellate Division's decision erroneously establishes a rule that a People's appeal must be dismissed if a court vacates a lawful sentence and imposes an illegal sentence that is completed before the appeal can be decided; it must, therefore, be reversed by this Court. (*People v Williams*, 14 NY3d 198; *People v Lingle*, 16 NY3d 621; *People v Velez*, 19 NY3d 642; *People v Allen*, 88 AD3d 735; *Mountain View Coach Lines v Storms*, 102 AD2d 663; *United States v Wilson*, 420 US 332; *United States v DiFrancesco*, 449 US 117; *People v Minaya*, 54 NY2d 360; *People v Brown*, 40 NY2d 381; *People v Rodriguez*, 18 NY3d 667.)

*Robert S. Dean, Center for Appellate Litigation*, New York City (*Mark W. Zeno* of counsel), for respondent. Because respondent completed his sentence more than three years ago, and his direct appeal more than nine years ago, it would violate double jeopardy to add postrelease supervision to his sentence now, even though the Court erroneously vacated postrelease supervision from his sentence three years ago, and the People filed notice of appeal from that resentence. (*People v Williams*, 14 NY3d 198; *People v Allen*, 88 AD3d 735; *People v Velez*, 19 NY3d 642; *People v Brinson*, 21 NY3d 490; *People v Lingle*, 16 NY3d 621; *United States v Martin Linen Supply Co.*, 430 US 564; *United States v DiFrancesco*, 449 US 117; *Hill v United States ex rel. Wampler*, 298 US 460; *People v Rodriguez*, 18 NY3d 667; *People v Yannicelli*, 40 NY2d 598.)

**OPINION OF THE COURT**

Chief Judge Lippman.

This is yet another progeny of *People v Catu* (4 NY3d 242 [2005]). The primary issue on this People's appeal is whether it constitutes double jeopardy for an appellate court to correct a defendant's illegal sentence on direct appeal by imposing a term of postrelease supervision (PRS) after the defendant has completed the illegal sentence. We hold that, in the circumstances presented, it does not.

I

In June 2001, a jury found defendant guilty of robbery in the first degree, robbery in the third degree, and petit larceny. Supreme Court sentenced defendant to concurrent terms of imprisonment of 10 years for the first-degree robbery, $3^1/_2$ to 7 years for the third-degree robbery, and one year for the petit larceny. The court did not impose the mandatory term of PRS. Defendant appealed his conviction, and the Appellate Division affirmed (*People v Cintron*, 6 AD3d 338 [1st Dept 2004]).

Defendant then moved to vacate his conviction under CPL 440.10. Supreme Court denied the motion to vacate the conviction. The court nevertheless noted that defendant's sentence was illegal because it did not include the mandatory term of PRS (*see People v Sparber*, 10 NY3d 457, 470-471 [2008]) and ordered that defendant be resentenced.

Defendant was conditionally released in May 2008. One month later, Supreme Court resentenced defendant to the original concurrent terms of imprisonment, as well as a five-year term of PRS. In October 2009, the maximum term of his prison sentence passed.

In 2010, we decided *People v Williams* (14 NY3d 198, 217 [2010]) and held that it constitutes double jeopardy to resentence a defendant and impose PRS after he completes his prison sentence and the direct appeal is over. Shortly thereafter, defendant moved under CPL 440.20 (1) to set aside his second sentence, arguing that the imposition of PRS constituted double jeopardy because he was out of prison on conditional release when it was imposed. Supreme Court granted defendant's motion and again resentenced defendant, reimposing the terms of his completed initial sentence. The People appealed.

The Appellate Division dismissed the People's appeal as academic (*People v Cintron*, 99 AD3d 439 [1st Dept 2012]). It

observed that the Supreme Court's grant of the CPL 440.20 motion was erroneous under *People v Lingle* (16 NY3d 621, 631 n 1 [2011]), which clarified that a defendant may be resentenced to a term of PRS while on conditional release. The Appellate Division nevertheless dismissed the appeal, concluding that under *People v Velez* (19 NY3d 642 [2012]) imposing PRS would constitute double jeopardy. It reasoned that defendant had acquired a reasonable expectation of finality in his sentence because he had served it in full upon Supreme Court's vacatur and resentencing.

A Judge of this Court granted the People's motion for leave to appeal (20 NY3d 985 [2012]).

## II

The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution states that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." The United States Supreme Court has interpreted this language to provide three distinct protections: "(1) the right to be free from a second trial following an acquittal for the same crime; (2) the right to be free from a second trial following a conviction for the same offense; and (3) the right not to be punished more than once for the same crime" (*Williams*, 14 NY3d at 214, citing, inter alia, *United States v DiFrancesco*, 449 US 117, 129 [1980]). It is the final protection that is implicated in this case.

The protection against multiple punishments protects defendants from having their sentences increased once they have acquired "legitimate expectations of finality" therein (*Williams*, 14 NY3d at 214). We explained in *Williams* that a defendant may acquire a legitimate expectation of finality in an illegal sentence only once "the direct appeal has been completed (or the time to appeal has expired)" and the sentence has been served (*id.* at 217).

In *Velez*, we addressed whether a defendant acquired a legitimate expectation of finality in an illegal sentence where a resentencing proceeding had been instituted but the term of PRS had not yet been imposed prior to the expiration of the sentence. We held that the defendant still acquired a legitimate expectation of finality (19 NY3d at 650).

In this case, defendant has served his sentence, but the direct appeal of that sentence is not over; it presently is before us.

Consequently, defendant has not acquired a legitimate expectation of finality in his sentence.

Defendant argues that *Williams* involved the appeal of a conviction and initial sentence, making it inapplicable to this case because defendant's appeal of his conviction and initial sentence ended in 2004. We cannot accept this reading of *Williams*. That *Williams* involved the direct appeal of an initial sentence is not surprising. It is the rare case for a defendant to have had multiple resentencings. Thus, it is not instructive that *Williams* did not discuss the present remote contingency. Its logic applies equally here. Whether the People timely appeal an initial sentence or a sentence imposed at a resentencing, a defendant is equally on notice that the sentence may change and cannot acquire a legitimate expectation of finality.

Defendant argues in the alternative that *Velez* is dispositive of this case. He interprets *Velez* to mean that once a defendant has served his sentence, a court cannot impose PRS regardless of any pending judicial proceedings related to the defendant's sentence. But there are important differences between an appeal, as here, and a resentencing, as in *Velez*. Appellate review is a fundamental component of the criminal justice system. A defendant cannot have a legitimate expectation of finality in an erroneous sentence that is subject to correction on appeal. There is no persuasive reason why the erroneous vacatur of defendant's term of PRS should be immune from appellate correction.

Accordingly, the order of the Appellate Division should be reversed, defendant's motion pursuant to CPL 440.20 to vacate his 2008 sentence denied, and that sentence reinstated.

Judges GRAFFEO, READ, SMITH, PIGOTT, RIVERA and ABDUS-SALAAM concur.

Order reversed, defendant's CPL 440.20 motion denied and defendant's 2008 resentence reinstated.